# EXHIBIT A

Case 1:24-cv-01267-BMC-MMH   Document 68-1   Filed 12/05/25   Page 1 of 3 PageID #: 1775

**THE LAW FIRM OF ANDREW M. STENGEL, P.C.**
11 BROADWAY, SUITE 715
NEW YORK, NEW YORK 10004
(212) 634-9222   |   ANDREW@STENGELLAW.COM   |   (212) 634-9223 (FAX)

December 5, 2025

**By ECF**
Hon. Marcia M. Henry
Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Freeman v. The City of New York, et al.*  24 CV 1267 (AMD) (MMH)
                  *Viera v. The City of New York, et al.* 24 CV 1272 (BC) (MMH)

Dear Judge Henry:

    We submit this letter in response to the Kings County District Attorney's (KCDA) opposition, ECF Doc. No. 67, to our November 14, 2025, motion to unseal the KCDA's case files concerning three arrests and/or criminal cases of star prosecution witness Kenneth Williams, ECF Doc. No. 67.[1]

    **First**, the KCDA, relying exclusively on New York State law, argues that Freeman has no standing to make his motion because he "is not a party enumerated in under C.P.L. § 160.50." KCDA Opp. p. 2. But Freeman is not required to establish standing under CPL § 160.50. Freeman's litigation is in federal court and "New York state law does *not* govern discoverability and confidentiality in federal civil rights actions." *Howard v. City of Rochester*, 758 F. Supp.3d 109, 121 (W.D.N.Y. 2024) (Pedersen, M.J.), *quoting King v. Conde*, 121 F.R.D. 180, 187 (E.D.N.Y. 1988) (Weinstein, J.); *Crosby v. City of New York*, 269 F.R.D. 267, 274 (S.D.N.Y. 2010) (Scheindlin, J.) (holding "in cases presenting federal questions … discoverability, privileges, and confidentiality are governed by federal law, not state law").

    As discussed in plaintiff's opening papers, "federal courts commonly order production of documents sealed pursuant to Sections 160.50" *McCloud v. City of New York,* 2025 WL 2711470, at *4 (E.D.N.Y. Sept. 23, 2025) (Pollack, M.J.) (cleaned up), and do so based on federal law untethered to satisfaction of any CPL § 160.50 requirement. *See* ECF No. 66-7 at p. 6. The KCDA ignores this well-established body of case law.

---

[1] The KCDA erroneously refers to our motion as one to compel, but plaintiff did not seek that relief. Instead, plaintiff moved the Court to unseal the records so that the KCDA could then respond to the subpoena on the merits.

**Second**, the KCDA argues that should the Court unseal the records, the unsealing should be limited to "information related to Mr. Williams' gang affiliation, and if there is no mention of any such affiliation, then deny [Freeman's] request in its entirety." KCDA Opp. p. 3. This argument is a strawman. Williams' arrests are not relevant solely because they may relate to his gang membership. Rather, the factual details of Williams' arrests, the location of them, and the officers involved in the arrest are all relevant to Freeman's claims. *See* ECF Doc. No. 66-1 ¶ 17. Moreover, KCDA's argument impermissibly restricts the definition of "relevant" evidence under the Fed.R.Civ.P. The KCDA, a non-party to this action, cannot arrogate to itself the scope of relevance under Fed.R.Civ.P.

**Finally**, the KCDA's argument that unsealing the records would "tarnish" Williams' "reputation" is not based in fact. Williams, now deceased, was a member of a violent street gang, the "Hard Body Crew," involved in the gun and drug trade in Coney Island, according to KCDA's records. His mug shot and gang affiliation are already a matter of public record. ECF Doc. No. 67-1 at p. 3 ¶ 10. Relatedly, the KCDA's argument that Williams *may* have family members who would be harmed posthumously is unsupported by any evidence and based on sheer speculation patently insufficient to overcome Freeman's "strong interest in obtaining records relevant to" his claims *Owens v. County of Monroe,* 2025 WL 1902225, at *4, (W.D.N.Y. 2025) (Holland, M.J.), and his interest in "broad discovery[.]" *Crosby v. City of New York*, 269 F.D.R. at 274 (internal quotations omitted).

        Respectfully submitted,

        Andrew Stengel

cc:    Zachery Sider, Assistant District Attorney
        Evan Gottstein, Assistant Corporation Counsel