

| STEVEN BANKS<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | KAVIN THADANI<br>*Senior Counsel*<br>phone: (212) 356-2351<br>fax: (212) 356-3509<br>kthadani@law.nyc.gov |
|---|---|---|

February 25, 2026

**By ECF**
Honorable Marcia M. Henry
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

        Re:    <u>Rodger Freeman v. City of New York, et al.</u>,
                 24 CV 1267 (BMC) (MMH)

                <u>Shamar Viera v. City of New York, et al.</u>,
                 24 CV 1272 (BMC) (MMH)

Your Honor:

      I am a Senior Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York, and attorney for defendants in the above-referenced matters.  Defendants write to respectfully request that the Court consolidate the two above-referenced matters, *Rodger Freeman v. City of New York, et al.,* 24 CV 1267 (BMC) (MMH) and *Shamar Viera v. City of New York, et al.*. 24 CV 1272 (BMC) (MMH).

      By way of background, on February 20, 2024, both plaintiffs Rodger Freeman and Shamar Viera filed essentially identical complaints, asserting identical claims, against the exact same defendants:  the City of New York, John McDonald, Christopher Obdyke, and Miguel Vargas. *See* Dkt. No. 1 (both dockets).  Subsequently, on March 4, 2024, both plaintiffs filed essentially identical amended complaints, asserting identical claims, against the same exact defendants. *See* Dkt. No. 9 (both dockets).  Both cases arise from plaintiffs' arrests and prosecution for the shooting of Kenneth Williams.  Both plaintiffs were indicted under the same indictment following the same Grand Jury proceeding and both plaintiffs were tried together in the same criminal trial. *See id.* at ¶¶ 78, 90.  Both plaintiffs even refer to each other as "co-plaintiff." *Id.* at ¶¶ 36, 41.

      In addition, plaintiffs are both represented by the same attorney and the defendants are represented by the same counsel in both matters.  Both cases are also before the same judges:  the Honorable Brian M. Cogan and the Honorable Marcia M. Henry.  The Court has also been effectively treating both cases as consolidated.  For example, the Court scheduled and held a consolidated initial conference, reasoning that the cases were related. *See, e.g.,* Mar. 25, 2024

Docket Entry (both dockets); Mar. 27, 2024 Docket Entry (both dockets). The Court has also entered numerous orders jointly in both matters. *See id.*; Apr. 19, 2024 Docket Entry (both dockets); Dkt. No. 22 (both dockets); Aug. 27, 2024 Docket Entry (both dockets); Sept. 4, 2024 Docket Entry (both dockets); Sept. 5, 2024 Docket Entry (both dockets); Oct. 17, 2024 Docket Entry (both dockets); Dec. 19, 2024 Docket Entry (both dockets); Feb. 7, 2025 Docket Entry (both dockets); Mar. 4, 2025 Docket Entry (both dockets); May 29, 2025 Docket Entry (both dockets); Oct. 8, 2025 Docket Entry (both dockets); Feb. 3, 2026 Docket Entry (both dockets).

On February 11, 2026, plaintiffs' counsel indicated a desire to take the deposition of non-party Melissa Carvajal, a former Assistant District Attorney with the Kings County District Attorney's Office, in mid-April.[1] At that time, plaintiffs' counsel explained that this would the first of two depositions of former ADA Carvajal because there are two separate cases. Plaintiffs' counsel further indicated that he intended to take two depositions of other individuals as well but did not identify which ones. Taken aback, in response, I asked plaintiffs' counsel whether he then agreed that both plaintiffs could also be deposed twice: as a party in one matter and a non-party in the other.[2] Plaintiffs' counsel said he did not agree but provided no coherent explanation as to why not. In any event, I ultimately indicated that defendants would not agree to two, separate depositions of ADA Carvajal or any other witnesses,[3] and further asked whether plaintiffs' counsel objected to the two cases being formally consolidated. Plaintiffs' counsel said he objected because he brought these two cases separately for "strategic reasons" and provided no other basis for his objection. Accordingly, defendants now respectfully request that the Court consolidate both cases.

A court may consolidate actions that 'involve a common question of law or fact.'" *In re Virgin Galactic Holdings Inc. Derivative Litig.*, No. 1:22-cv-933 (OEM)(MMH), 2023 U.S. Dist. LEXIS 176405, at *15 (E.D.N.Y. Sep. 30, 2023) (Henry, M.J.) (quoting Fed. R. Civ. P. 42(a)(2)). "Consolidation is a 'valuable and important tool of judicial administration' that should be 'invoked to expedite trial and eliminate unnecessary repetition and confusion.'" *Id.* (citation omitted). "'Consolidation is warranted where it promotes 'judicial economy' and serves to eliminate 'the waste associated with duplicative discovery and multiple trials, and the danger of inconsistent verdicts.'" *Stevens v. Hanke*, Nos. 20 Civ. 8181 (JPC); 20 Civ. 4765 (JPC), 2022 U.S. Dist. LEXIS 28872, at *7-8 (S.D.N.Y. Feb. 17, 2022); *see also e.g. In re Virgin Galactic Holdings Inc. Derivative Litig.*, 2023 U.S. Dist. LEXIS 176405, at *16, 18 ("The Court finds that consolidation is warranted because [both actions] involve common questions of law and fact. Notably, both complaints allege the same causes of action against many of the same defendants based on identical alleged misconduct by Defendants . . . . [Consolidation would serve the interests of judicial economy without prejudice . . . ."); *White v. Nano-X Imaging Ltd.*, No. 20-CV-4355

---

[1] Plaintiffs subsequently requested "possible dates for late March to early April." In response to plaintiffs' request, I have provided three dates (one in late-March and two in April) on which ADA Carvajal is available for a remote deposition. I have also served Notices of Deposition on both plaintiffs and have requested dates in April to take their depositions.

[2] Plaintiff Freeman listed Shamar Viera in his initial disclosures and vice versa.

[3] Defendants respectfully note that plaintiffs' counsel has indicated a desire to take the deposition of 10 or possibly even more individuals and defendants anticipate taking the deposition of both plaintiffs and possibly several non-parties.

(WFK)(MMH), 2022 U.S. Dist. LEXIS 143105, at *7-9 (E.D.N.Y. Aug. 10, 2022) (Henry, M.J.); 8 Moore's Federal Practice – Civil § 42.10 ("When courts finds that consolidation will achieve significant savings of time or avoid serious duplication of effort, they are likely to embrace it.").

      Here, consolidation is warranted because both actions unquestionably raise common questions of law and fact. As explained, both plaintiffs make the exact same factual allegations, assert identical claims against the exact same defendants, and allege the same misconduct and harm. Moreover, plaintiffs seek to take advantage of the two cases being brought separately to take duplicative discovery, specifically two, separate depositions of certain individuals, while apparently resisting consolidation solely on the grounds of strategic gamesmanship. Especially in light of the number of individuals anticipated to be deposed, many of whom are non-parties, the interest of judicial economy will be served by consolidation, thus avoiding multiple, duplicative depositions.

      Likewise, consolidation beyond discovery would allow for streamlined motion practice, including dispositive motion practice. Should such motion practice not result in dismissal, a consolidated trial would also promote judicial economy and avoid inconsistent results.

      Any suggestion by plaintiffs that consolidation is not appropriate because additional time is needed to conduct certain depositions is meritless. Of course, any such concern can be addressed amongst the parties or with the Court as needed at the appropriate time and does not justify not consolidating these two cases (which I raised with plaintiffs' counsel during our discussion on February 11, 2026). In addition, to the extent further discovery conducted following a deposition necessitates the continuation of that deposition, that too can be addressed amongst the parties or with the Court as needed at the appropriate time and does not justify not consolidating these two cases.

      Accordingly, defendants respectfully request that the Court consolidate the two above-referenced matters, *Rodger Freeman v. City of New York, et al.,* 24 CV 1267 (BMC) (MMH) and *Shamar Viera v. City of New York, et al.*. 24 CV 1272 (BMC) (MMH).[4]

      Defendants thank the Court for its time and consideration.

                              Respectfully,
                              /s/ *Kavin Thadani*
                              Kavin Thadani

cc:    **BY ECF**
        Andrew Stengel
        *Attorney for Plaintiffs Freeman and Viera*

---

[4] Should the Court not consolidate these two cases, defendants respectfully reserve the right to seek a protective order precluding plaintiffs from taking the deposition of non-party ADA Carvajal, who is no longer a City employee, and other party and non-party witnesses twice, on the grounds that taking two, separate depositions of witnesses is unnecessary and serves only to harass, waste time, and superficially inflate attorneys' fees.