

**THE CITY OF NEW YORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

**STEVEN BANKS**
*Corporation Counsel*

**KAVIN THADANI**
*Senior Counsel*
Tel.: (212) 356-2351
Fax: (212) 356-3509
kthadani@law.nyc.gov

February 25, 2026

**BY ECF**
Honorable Marcia M. Henry
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

Re:   Rodger Freeman v. City of New York, et al.,
         24 CV 1267 (BMC) (MMH)

Your Honor:

I am a Senior Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York, and attorney for defendants in the above-referenced matter.  Defendants write to respectfully request that the Court order plaintiff to produce executed releases permitting access to his sealed arrest and prosecution records, which are relevant and discoverable as to the issue of damages.  The parties have met and conferred and plaintiff has indicated that he will not provide the requested releases.

Pursuant to Section V.B.1.d. of Your Honor's Individual Practice Rules, defendants have "attach[ed] as [an] exhibit[] the language of the specific discovery request that is at issue in the motion."  *See* Document Request No. 23, First Set of Interrogatories and Request for Production of Documents (attached as Exhibit A).

By way of background, plaintiff Rodger Freeman alleges "[p]ast and future mental and emotional injuries and suffering" due to his alleged "wrongful incarceration."  First Amended Complaint at ¶¶ 134, 135(d).  In addition, in his interrogatory responses, plaintiff claimed that he

1

suffered "[p]ast and future mental and emotional injuries and suffering as a result of being unjustly incarcerated for over 12 years."[1]

Pursuant to N.Y. Crim. Proc. Law § 160.50 and/or Family Court Act § 375.1, records regarding plaintiff's arrests and incarcerations that resulted in dismissals are sealed. However, courts in this District have routinely held that, where, as here, a plaintiff alleges emotional damages in connection with a deprivation of liberty due to an arrest and/or prosecution, defendants are entitled to a release sufficient to allow for access to all of that plaintiff's unrelated arrest, incarceration and prosecution records.

For example, in *Derisse v. City of New York*, No. 12cv1592 (NGG) (MDG), 2013 U.S. Dist. LEXIS 113966, at *2 (E.D.N.Y. Aug. 13, 2013), the court granted defendants' motion to compel a release of plaintiff's arrest, incarceration and prosecution records, which were sealed pursuant to § 160.50, because such records "may lead to the discovery of admissible evidence concerning his claim for damages for emotional distress."

Likewise, in *Wilson v. City of New York*, No. CV-06-229 (ARR)(VVP), 2006 U.S. Dist. LEXIS 90050, at *1-2 (E.D.N.Y. Dec. 13, 2006), the court ordered plaintiff to provide a release to permit the defendant to obtain plaintiff's arrest records reasoning that "[s]ince the plaintiff seeks damages for emotional distress arising from his arrest and detention, his prior experiences involving arrest and detention, including those which ended favorably and whose records are therefore sealed, may be relevant to the damages determination the jury will be asked to make at trial. Clearly, it could be credibly argued that one who has had a number of prior arrests and detentions is likely to have suffered less distress than one who has never before been detained."

This sentiment was echoed in *Cicero v. City of New York*, No. 11 CV 0360 (NGG), 2011 U.S. Dist. LEXIS 80880, at *7 (E.D.N.Y. July 25, 2011), in which the court, in ordering the plaintiff to provide an unsealing release, stated that, "'a person who has previously been incarcerated may suffer less damage as a result of a subsequent wrongful incarceration' than a person incarcerated for the first time.'" (citation omitted).

In addition, courts have routinely admitted evidence of prior arrests **at trial**. *See, e.g., Thomas v. Ortiz*, No. 14-cv-7513 (ENV) (VMS), 2020 U.S. Dist. LEXIS 96812, at *8 (E.D.N.Y. May 1, 2020) ("Clearly, evidence that these plaintiffs have been previously arrested or incarcerated may inform the jury's assessment of the extent of emotional harm.") (citing cases); *Pierce v. City of New York*, 16 Civ. 5703 (BMC), 2017 U.S. Dist. LEXIS 231208, at *6 (E.D.N.Y. June 9, 2017) (Cogan, J.) ("[I]f plaintiff begins to testify about his alleged emotional damages, as the Court expects he will, he will open the door to defendants' use of his prior arrests and his prior time in detention to rebut the amount of distress he suffered."); *Banushi v. Police Officer Alvin L. Palmer Shield No. 04009 & Equashia Allen*, No. 08-CV-2937 (KAM) (JO), 2011 U.S. Dist. LEXIS 419, at *7 (E.D.N.Y. Jan. 4, 2011) ("The court finds that plaintiff's prior arrest and incarceration history are relevant to the jury's determination of damages under Fed. R. Evid. 402.") (citing cases).

---

[1]  Defendants respectfully note that it appears that plaintiff was incarcerated for approximately 9 years and 3 months in connection with the prosecution at issue in this litigation.

Defendants respectfully note that the fact that plaintiff does not technically allege a "false arrest claim" has no bearing on the discoverability of his criminal history where, as here, plaintiff alleges emotional damages in connection with his incarceration.  In any event, the very first paragraph of plaintiff's pleading states that "[t]his civil rights action . . . arises from [his] **wrongful arrest**, prosecution, and conviction."  First Amended Complaint at ¶ 1 (emphasis added); *see also, e.g., id.* at ¶ 135(a) (asserting damages in connection with the alleged "false and malicious arrest").

By "alleging emotional distress . . . Plaintiff has made his prior arrests and convictions relevant to the claims and defenses in this action." *English v. City of New York*, 786 F. Supp. 3d 520, 523 (E.D.N.Y. 2025).

Accordingly, for the foregoing reasons, defendants respectfully request that the Court order plaintiff to produce executed releases permitting access to plaintiff's sealed arrest records, which are relevant and discoverable as to the issue of damages.

Defendants thank the Court for its time and consideration.

Respectfully,

/s/ *Kavin Thadani*

Kavin Thadani

Encl.

cc:    **BY ECF**
       Andrew Stengel
       *Attorney for Plaintiff*