

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, N.Y. 10007

STEVEN BANKS
*Corporation Counsel*

KAVIN THADANI
*Senior Counsel*
Tel.: (212) 356-2351
Fax: (212) 356-3509

March 6, 2026

**BY ECF**
Honorable Marcia M. Henry
United States Magistrate Judge
United States District Court
Eastern District of New York

Re:   Rodger Freeman v. City of New York, et al., 24 CV 1267 (BMC) (MMH)

Shamar Viera v. City of New York, et al., 24 CV 1272 (BMC) (MMH)

Your Honor:

I am a Senior Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York, and the attorney assigned to represent the defendants in the above-referenced matters. Our office also represents non-party former ADA Melissa Carvajal for the limited purpose of her deposition. I write to respectfully request that the Court order that Ms. Carvajal's deposition, which is currently scheduled to be held on April 20, 2026, be taken remotely. Plaintiffs' counsel has insisted that Ms. Carvajal be deposed in person.[1]

"Rule 30(b)(4) of the Federal Rules of Civil Procedure provides that the Court may, on motion, order that a deposition be taken 'by telephonic or other remote means.'" *Pac. Servs. Establishment v. Djunic*, No. 1:24-cv-07687, 2026 U.S. Dist. LEXIS 17877, at *3 (S.D.N.Y. Jan. 28, 2026) (citing Fed. R. Civ. P. 30(b)(4)). "'**Conducting remote depositions is part of the new normal and presumptively valid** under the Federal Rules.'" *Id.* (citation omitted) (emphasis added); *see also, e.g., Sabhnani v. Mirage Brands, LLC*, No. 22-cv-00936 (JS) (JMW), 2022 U.S. Dist. LEXIS 207948, at *1 n. 2 (E.D.N.Y. Nov. 16, 2022) (noting the "widespread acceptance of remote, virtual depositions, becoming the 'new normal'") (citation omitted).

"Indeed, motions to take a deposition 'by telephone or other remote means will presumptively be granted.'" *Pac. Servs. Establishment*, 2026 U.S. Dist. LEXIS 17877, at *4 (citation omitted). In addition, "'[h]olding a deposition by videoconference is 'frequently a

---

[1] In the spirit of compromise, I offered to also take plaintiffs' depositions remotely but plaintiffs have maintained their position that Ms. Carvajal be deposed in person.

1

preferred solution to mitigate the burden of a deposition location inconvenient to one or both sides.'" *Id.* at *4 (citation omitted).

"In determining a motion for a remote deposition pursuant to Rule 30(b)(4), courts consider the burden, convenience, and potential prejudice to all parties resulting from the means of the deposition." *Id.* at *3-4. All of these factors weight in favor of taking Ms. Carvajal's deposition remotely.

There are two independent reasons why Ms. Carvajal's deposition should be taken remotely. First, Ms. Carvajal has expressed safety concerns should her deposition be taken in person, regardless of whether plaintiffs attend the deposition or not (plaintiffs' counsel has not stated whether plaintiffs will be in attendance or not). As the Court is aware, the above-referenced matters arise out of plaintiffs' convictions for shooting and attempting to murder a witness who was scheduled to testify in another criminal trial. Those convictions were subsequently reversed due to a jury selection issue and not based on any belief that the plaintiffs did not commit that crime. *See* Amended Complaint at ¶¶ 31-32, 128 (both dockets). Moreover, plaintiff Freeman's "criminal history reflects a pattern of violence, recidivism and ongoing disrespect for the law," and includes a guilty plea to "being a felon in possession of a firearm," which was stolen and loaded, and "robb[ing] three people, using a gun on at least two of those occasions." Sentencing Memorandum (Dkt. No. 30), *USA v. Freeman*, No. 1-11-cv-00087-KAM (E.D.N.Y.). In addition, in 2007, a man reported to police that plaintiff Viera shot him because he owed money to plaintiff Viera's brother.

Significantly, during the underlying prosecution, Ms. Carvajal listened to audio recordings of several troubling and disturbing telephone calls during which the plaintiffs and others discussed her personally and discussed trying to obtain certain information about her. Indeed, because of the perceived threat to Ms. Carvajal during the criminal trial, Ms. Carvajal was transported to and from her home every day of the trial and she had a police escort to and from her office to court, and in the courtroom during the criminal trial.

Furthermore, upon information and belief, while the underlying criminal case was being prosecuted, a witness (one of plaintiff Freeman's girlfriends) reported that friends of plaintiff Freeman called her numerous times to threaten her and her family in order to influence her testimony.[2] Upon information and belief, the witness also reported that a friend of plaintiff Rodger Freeman's approached her in person with similar threats.[3]

Should Your Honor require further details concerning Ms. Carvajal's safety concerns, Ms. Carvajal can make herself available to speak to Your Honor *ex parte*.

---

[2] The witness stated that she was told during these calls, in sum and substance, that "if the cops come to you, you don't know him and if you help them, we're going to kill you, your baby, your family, we're watching you, we know every movement of yours."

[3] The witness stated that she was told, in sum and substance, "if they come to you, you don't know Ro[d]ger [and] if you help them you know what will happen to you."

Second, Ms. Carvajal, who is a non-party and no longer a City employee, lives in Suffolk County almost three hours away from plaintiffs' counsel's office in New York City by public transportation. Thus, Ms. Carvajal's personal attendance at a deposition in New York City would require almost six hours of commuting. This is especially burdensome in light of Ms. Carvajal's childcare obligations (which already limit her availability to sit for a deposition to a period of five hours on any given day during the school year).[4] Indeed, due to her childcare obligations, should the Court deny this application, as a practical matter, Ms. Carvajal would be unable to attend an in-person deposition in New York City until after the school year ends in late June.

Even if Ms. Carvajal's deposition were held in Garden City and/or Mineola, which plaintiffs have proposed as an alternative, Ms. Carvajal (who is, again, a non-party) would still bear an unnecessary commuting burden of over an hour to commute to the deposition location. With Ms. Carvajal's childcare obligations, she would only be able to sit for approximately 3 to 3.5 hours for a deposition on any given day. In addition, an in-person deposition in Mineola unnecessarily burdens counsel for defendants, who would have to commute over an hour to and from the deposition location.

While the prejudice to the witness is as stated above, Plaintiffs' counsel has not offered any reasons for his insistence to hold Ms. Carvajal's deposition in person.[5] However, if the reason is to properly assess her demeanor it is without merit because "[o]n its own, this reason is insufficient" to establish prejudice. *Douramanis v. Dur-America Brokerage Inc.,* No. 20-CV-5825 (KHP), 2023 U.S. Dist. LEXIS 71155, at *2 (S.D.N.Y. Apr. 24, 2023) (citing *In re Terrorist Attacks on Sept. 11, 2011*, 337 F.R.D. 575, 579 (S.D.N.Y. 2020) ("[A]lthough the lawyers might gain some marginal value by observing the witness in person, ultimately the purpose of a deposition is to gather information and commit a witness's testimony."). Indeed, "[i]f the lack of being physically present with the witness were enough prejudice to defeat the holding of a remote deposition, then Rule 30(b)(4) would be rendered meaningless.'" *D'Arezzo v. Appel*, No. 1:22-cv-00177 (SDA), 2024 U.S. Dist. LEXIS 22470, at *3 (S.D.N.Y. Feb. 8, 2024) (citation omitted). And, of course, "deposition by video allows the party 'to view [the witness's] demeanor during questioning.'" *Id.* (citation omitted).

Accordingly, for the foregoing reasons, I respectfully request that the Court allow Ms. Carvajal's deposition to be taken remotely.

---

[4] I have explained to plaintiffs' counsel that Ms. Carvajal is only available for a remote deposition on certain days between the hours of 10 a.m. and 3 p.m. due to her childcare obligations during the school year (i.e., until late June). I have already offered to continue Ms. Carvajal's deposition on a second day, should it be reasonably necessary, and explained that we can address that following the first day of Ms. Carvajal's deposition as needed.

Should the Court require further details concerning Ms. Carvajal's childcare obligations, Ms. Carvajal can make herself available to speak to Your Honor *ex parte*.

[5] Rather, plaintiffs' counsel has merely discounted Ms. Carvajal's safety concerns by pointing out that the address of her law office (which I understand she does not physically work at) is advertised on the internet.

Thank you for your consideration.

Respectfully,

/s/ *Kavin Thadani*

Kavin Thadani

cc: **BY ECF**
Andrew Stengel
*Attorney for Plaintiffs Freeman and Viera*