THE LAW FIRM OF ANDREW M. STENGEL, P.C.
11 BROADWAY, SUITE 715
NEW YORK, NEW YORK 10004
(212) 634-9222  |  ANDREW@STENGELLAW.COM  |  (212) 634-9223 (FAX)

March 9, 2026

**BY ECF**
Honorable Marcia M. Henry
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Freeman v. The City of New York, et al.*  24 CV 1267 (BC) (MMH)
             *Viera v. The City of New York, et al.*  24 CV 1272 (BC) (MMH)

Dear Judge Henry:

      We submit this letter in opposition to the city's March 6, 2026, letter, ECF Doc. No. 74, seeking to consolidate these two actions.[1] In part, the City's motion to consolidate is part of its attempt to attempt to block Freeman and Viera from fully deposing the single most important witness in this case: the trial prosecutors who suppressed multiple items of *Brady/Giglio* and caused their false convictions. Specifically, the City attempts to have the cases consolidate and to limit two separate plaintiffs, to a single deposition of 7 hours, *i.e.*, 3 and ½ hours for each plaintiff. Not only would this be insufficient to develop the facts for both plaintiffs and manifestly unfair to each plaintiff, but the City's request for these restriction ignores the four factors the court must consider when deciding motions to consolidate.

      While consolidation is a valuable tool of judicial administration" *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (cleaned up), a district court must examine 'the special underlying facts' with 'close attention' before ordering a consolidation." *In re Repetitive Stress Inj. Litig.*, 11 F.3d 368, 373 (2d Cir. 1993), *on reh'g*, 35 F.3d 637 (2d Cir. 1994) (citations omitted). "[E]fficiency cannot be permitted to prevail at the expense of justice...." *Devlin v. Transp. Commc'ns. Int'l Union*, 175 F.3d at 130. Thus, in deciding a motion to consolidate, the Court must consider: (1) Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues; (2) the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits; (3) the length of time required to conclude multiple suits as against a single one; and (4) the relative expense to all concerned of the single-trial, multiple-trial alternatives. *In re Virgin Galactic Holdings Inc. Derivative Litig.*, 2023 WL 6370864, at *5 (E.D.N.Y. Sept. 30, 2023) (Henry, M.J.). The City ignores *all* of these factors, and simply points out alleged commonalities of the two cases. But that is not nearly the required test.

---

[1] The city does not specify whether it is seeking to consolidate these cases for discovery or for both discovery and trial. However, all of the city's arguments are focused on its objection to allowing Freeman and Viera's trial prosecutor to be deposed twice, and thus we assume that the City is seeking to consolidate solely for discovery purposes. While we thus focus our letter on objecting to consolidating these cases for discovery, we also object to any attempt to consolidate these cases for trial as both Freeman and Viera would be substantially prejudiced by such a consolidation. Should the Court desire briefing on this latter issue, we respectfully request leave to file a letter addressing why consolidating these cases for trial would be unduly prejudicial.

First, consolidation of discovery is unnecessary as even the City concedes the Court has already handled both cases efficiently by conducting joint conferences and entering orders in both cases simultaneously. The whole point of consolidation is to streamline efficiency but the City has not pointed to a single inefficacy of the Court or parties' handling of the case thus far. Rather, the whole point of the City's motion to consolidate is to limit the key witness' deposition without making any showing of "good cause," which is required for issuance of a protective order.

As previously stated, the City seeks consolidation to limit two separate plaintiffs, each with their own lawsuits, to a single, seven-hour deposition of the most important witness in their cases. Tellingly, after moving for consolidation, the City asks that "[s]hould the Court not consolidate these two cases, defendants respectfully reserve the right to seek a protective order precluding plaintiffs from taking the deposition of non-party Assistant District Attorney Carvajal, who is no longer a City employee, and other party and non-party witnesses twice, on the grounds that taking two, separate depositions of witnesses is unnecessary and serves only to harass, waste time and superficially inflate attorneys' fees.

But consolidating discovery would substantially prejudice Freeman and Viera. The documentary evidence of the trial prosecutor's *Brady/Giglio* violations is voluminous, and not only must the prosecutor be questioned on each one of those multiple violations and the documentary evidence supporting it, but also: (1) the surrounding facts regarding each document; (2) specific disclosures and representations made to each plaintiff; (3) the basis for distinct arguments made during trial as to each plaintiff; (4) the distinct sentencing arguments made regarding each plaintiff; (5) the separate motions to set aside the verdict; (6) the prosecutors' response to each motion; (7) other misconduct the prosecutor committed that impacts her credibility, establishes the absence of mistake and a common plan or practice; (8) the explanation for suppressing all of this material throughout plaintiffs' appeals, and continuing the civil conspiracy with detectives; (9) the factual basis to gain evidence supporting a meeting of the minds for civil conspiracy purposes as to each defendant; (10) as to Freeman, the prosecutor's interactions with Detective McDonald and the fabrication of evidence with respect to the search warrant; and (11) a host of other areas that will strategically disadvantage our clients. To force each plaintiff to limit himself to three and a half hours is unprecedented. This is particularly so considering that the city takes the position that the prosecutor can only be deposed, at most, for five hours in a single day.[2]

Moreover, the fact that both Freeman and Viera's cases have proceed simultaneously moots any claim that discovery must be consolidated. The City has not pointed to one delay, or even a

---

[2] Compounding this, the city also attempts to force Freeman and Viera to take the prosecutor's deposition remotely. But we demonstrate in our upcoming opposition to the City's demand for a remote deposition, when the witness is a key witness in the case and accused of serious misconduct, remote depositions are not required. *See e.g. Eletson Holdings Inc. v. Levona Holdings Ltd.*, 2025 WL 1950728, at *2 (S.D.N.Y. July 16, 2025) (Limank J.) ("The … witnesses whose depositions [plaintiff] has noticed are among the key witnesses in the case …. A remote deposition is no substitute for an in-person deposition in this case. "[D]istrict courts have continued to recognize that there is nothing extraordinary or inappropriate about seeking to take a deposition in person, particularly for a key witness."), *reconsideration denied*, 2025 WL 2084365 (S.D.N.Y. July 24, 2025) (Liman, J.). Indeed, "[t]he opportunity for mischief arises when a deponent logs into a remote deposition without counsel or a court reporter physically present in the same room." *Tsien*, 2021 WL 6617307, at *3. An oath administered in the physical presence of the designated officer has an immediacy and gravity that may not be felt over the internet. *See* Fed. R. Civ. P. 30(b)(5)(A)." *Id*.

2

scintilla of waste resulting from maintaining the status quo which as worked perfectly for the past two years.

Finally, the City's claim that maintaining two actions will multiply attorney's fees is nonsensical. Regardless of consolidation, Freeman and Viera's cases are separate and distinct and will require counsel's individualized preparation for the multitude of issues each one presents. Consolidating discovery will not impact those fees in any way.

In sum, the City nakedly seeks to limit the key witness' deposition in this case. A motion for a protective order, supported by a showing of "good cause," is the proper vehicle for that request, not a motion to consolidate discovery.

Finally, we note that the City has continually referred to the Appellate Division's reversal of Freeman and Viera's state court convictions underlying this § 1983 action as a reversal based on "a jury issue, and not on any belief that they did not commit the underlying crime." This misleading argument ignores that the City precluded the Appellate Division from reversing on a ground indicating innocence by suppresing the key evidence throughout Freeman and Viera's appeals, as detailed in the Amended Complaints. In other words, throughout Freeman and Viera's direct appeals the District Attorney concealed all of the *Brady/Giglio* material that discredited the only two witnesses against Freeman and Viera, falsely argued those witnesses were credible, and plaintiffs did not obtain the evidence indicating their innocence until *after* their convictions were reversed. The city's dishonest attempt to capitalize on its own misconduct cannot be condoned.

Very truly yours,

Andrew Stengel