THE LAW FIRM OF ANDREW M. STENGEL, P.C.
11 BROADWAY, SUITE 715
NEW YORK, NEW YORK 10004
(212) 634-9222 | ANDREW@STENGELLAW.COM | (212) 634-9223 (FAX)

March 9, 2026

**BY ECF**
Honorable Marcia M. Henry
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: ***Freeman v. The City of New York, et al.*  24 CV 1267 (BC) (MMH)**

Dear Judge Henry:

We submit this letter in opposition to the City's February 25, 2026, letter, ECF Doc. No. 72, asking the Court to order to Plaintiff Rodger Freeman to execute blanket releases permitting access to any sealed arrest and prosecution records.  The City argues that he should be compelled to provide the release because the underlying records are relevant to Freeman's claims for emotional damages.

The City's motion, however, conveniently fails to inform the Court that more three months ago, Freeman explicitly limited his claim for emotional injuries to garden-variety emotional damages.  *See* Exhibit A (Letter of Andrew Stengel to Evan Goldstein, ACC, November 25, 2025).  In cases where a plaintiff limits his emotional damages claim, courts have upheld a plaintiff's refusal to provide a blanket release:

> Defendants' request to compel Plaintiff to execute a broad release for all arrest records is denied. Notwithstanding this ruling, however. Defendants may question Plaintiff at deposition regarding the length of time that he was detained or incarcerated as the result of any arrests other than the arrest at issue here, and also regarding any physical injuries or emotional distress that Plaintiff suffered as a result of such other arrests. If Defendants are able to develop a record that reasonably suggests that Plaintiff's claimed emotional distress may be attributable to arrests or detentions other than those alleged, or that other arrests may have served to lessen or to aggravate Plaintiff's claimed emotional injuries, then Defendants may renew this application, based on that record.

*Creighton v. City of New York*, 2016 WL 1178648, at *3 (S.D.N.Y. Mar. 17, 2016) (Freeman, M.J.).[1]

---

[1] AAC Thadani failed to bring this case to the Court's attention despite the fact that he was the attorney of record for the City of New York.

Not a single case cited by the City in its motion involved a plaintiff who explicitly limited his claim for emotional damages so as to nullify the claimed relevance of the records. The notion that a Plaintiff's prior sealed arrest is relevant to emotional damages is based on the recognition that "a person who has previously been incarcerated may suffer less damage as a result of subsequent wrongful incarceration' than a person incarcerated for the first time." *Cicero v. City of New York,* 11 CV 360, 2011 WL 3099898, at *3 (E.D.N.Y. July 25, 2011) (quoting *Green v. Baca,* 226 F.R.D. 624, 627 (C.D.Cal.2005)); *see Schiller v. City of New York,* Nos. 04 Civ. 7922, 04 Civ. 7921, 05 Civ. 8453, 2006 WL 3592547, at *8 (S.D.N.Y. Dec.7, 2006) (agreeing that "documents detailing [the plaintiff's] prior arrest experiences, previous, previous arrest processing, and criminal court proceedings are relevant to refute [his] claims regarding the cause and extent of emotional distress damages attributable to" false arrest) (second alteration in original) (internal quotation marks omitted). But if a plaintiff, as here, is not claiming such emotional damages, the records are of course not relevant to that inquiry.

Further, "Defendants … have full access, already, to all of [Freeman's] criminal records relating to the arrest and prosecution that underlies his claims in this action," *Creighton v. City of New York*, 2016 WL 1178648, at *2, and have additionally subpoenaed records relating to Freeman's prior criminal history. *See* Exhibit B (City subpoenas).[2] Thus, there is thus no basis for requiring Freeman to execute blanket releases for records which the city failed to articulate any theory of relevance.

Accordingly, the city's motion to compel blanket releases should be denied.

Very truly yours,

Andrew Stengel

Encls.

---

[2] We note that we will be moving to quash these subpoenas based on the same grounds set forth in this letter. Freeman has standing to move to quash the subpoenas as they implicate his privacy rights. *See e.g. Dowling v. New York-Presbyterian/Weill Cornell Med. Ctr.*, 2020 WL 1243780, at *2 (S.D.N.Y. Mar. 16, 2020) (Liman, M.J.) (citing cases)("The courts in this Circuit have repeatedly held that the personal rights of a party include privacy interests in documents such as personnel records."); *Rodriguez v. NNR Glob. Logistics USA Inc.*, 2016 WL 11673310, at *3 (E.D.N.Y. Mar. 31, 2016) (Tomlinson, M.J.) (plaintiff had standing to move to quash subpoenas served on former employers).