# EXHIBIT A

December 1, 2025

Evan Gottstein
Senior Counsel
Special Federal Litigation Division
New York City Law Department
100 Church Street, Rm. 3-189
New York, New York 10007

> **Re:** ***Freeman v. The City of New York, et al.*  24 CV 1267 (AMD) (MMH)**
> ***Viera v. The City of New York, et al.* 24 CV 1272 (BC) (MMH)**

Dear Evan:

We are writing to follow up our call on Friday, November 21, 2025, when we discussed Defendants' requests for a blanket C.P.L. § 160.50 release and a Family Court release for juvenile offender records.  We object to the requests and decline provide the releases for the reasons explained below.

First, neither Freeman nor Viera make any allegation concerning any purported prior arrest, and any such prior arrest is unrelated to the underlying arrests that gave rise to plaintiffs' actions, and are thus irrelevant.  *See Edwards v. City of New York*, 2018 WL 1240305, at *3–4 (S.D.N.Y. Mar. 8, 2018) (Fox, M.J.) ("Given that Edwards does not make any allegations related to his prior arrests, which are unrelated to the underlying arrest in this action, the Court finds that Edwards's prior arrest records, sealed pursuant to CPL § 160.50, are irrelevant to the claims and defenses in this action and not proportional to the needs of the case. Accordingly, Edwards's objection to the defendants' Document Request No. 12, based on the ground of relevancy, is sustained[.]").

This is especially true because neither Freeman nor Viera raise a false arrest claim, and both plaintiffs limit their claims for emotional injuries to garden-variety emotional damages. *See* First Amended Complaints ¶ 135 (d).

The same rationale applies to juvenile delinquency or Family Court adjudications.  So long as such adjudications did not involve *dishonesty or false statements,* they are not relevant to unrelated civil claims. Independently, any juvenile or Family Court records if such records existed, would have been created more than five years before the Plaintiff's arrests in 2011 and 2012. *United States v. Canniff*, 521 F.2d 565, 569 (2d Cir. 1975) ("In view of the consistent policy running through both New York and federal law that youthful offender or juvenile delinquency adjudications are not to be treated as criminal convictions and that no stigma should attach to a

young person so adjudicated, we agree that a New York state youthful offender adjudication should normally be inadmissible in federal court to attack the credibility of a defendant." )

Very truly yours,

Andrew Stengel