THE LAW FIRM OF ANDREW M. STENGEL, P.C.
11 BROADWAY, SUITE 715
NEW YORK, NEW YORK 10004
(212) 634-9222  |  ANDREW@STENGELLAW.COM  |  (212) 634-9223 (FAX)

March 13, 2026

**BY ECF**
Honorable Marcia M. Henry
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:  *Freeman v. The City of New York, et al.*  24 CV 1267 (BC) (MMH)
> *Viera v. The City of New York, et al.*  24 CV 1272 (BC) (MMH)

Dear Judge Henry:

We submit this letter in vigorous opposition to the attempt of non-party Melissa Carvajal— the single most important witness in these cases—to force the plaintiffs she wrongfully convicted to take her April 20, 2026, deposition remotely.  ECF Doc. No. 74.  As established by the documents the Kings County District Attorney's Office ("KCDA") and New York City Police Department produced during discovery, during plaintiffs' state court trial Carvajal suppressed multiple items of *Brady* material, knowingly used false evidence and argument, conspired with other defendants, and caused plaintiffs to spend over a decade in prison. *See e.g.* ECF Doc. No.  58 (documenting Carvajal's suppression of multiple items of *Brady/Giglio* material and perjurious representations to the state court in her affirmation for a pre-trial protective order, falsely claiming no *Brady/Giglio* material existed); ECF Doc. No. 66 (documenting Carvajal's false representations to the state court jury that the star prosecution witness, Kenneth Williams, was just a simple man, uninvolved in criminal activity, who worked in a local grocery store for $20 a day when, in truth, Mr. Williams was a member of a violent street gang involved in drug dealing and gun running); **Exhibit A** (KCDA documentation and court filings demonstrating (1) the KCDA's provision of secret housing benefits to the only other witness in the case, Nicole Williams, (2) Carvajal's personal knowledge of those secret benefits, (3) Carvajal's April 29, 2014, affirmation lying to the state court that no such material existed, and (4) the state court's reliance of Carvajal's false representations in its May 10, 2014, decision denying Freeman's CPL § 330.30 motion to set aside the jury's verdict).  The also KCDA assisted Ms. Williams in resolving $6,000 in rent arrears.

Contrary to Carvajal's uncontextualized claim that remote depositions are the "new normal," in cases where the deponent is a key witness and there is substantial distrust amongst the parties, a remote deposition is *not* a substitute for an in-person deposition.  *See e.g. Eletson Holdings Inc. v. Levona Holdings Ltd.*, 2025 WL 1950728, at *2 (S.D.N.Y. July 16, 2025) (Limank J.) ("There are few, if any, more critical witnesses. A remote deposition is no substitute for an in-person deposition in this case. District courts have continued to recognize that there is nothing extraordinary or inappropriate about seeking to take a deposition in person, particularly for a key witness") (cleaned up); *Kiss v. Kenny*, 2025 WL 1532744, at *2 (S.D.N.Y. May 29, 2025) (McCarthy, M.J.) ("As a key witness, Plaintiff's credibility is a matter of critical importance that necessitates an in-person deposition. Thus, the Court finds that Defendants' claims of prejudice outweigh Plaintiff's claim of hardship."); *United States v. M/Y Amadea*, 2024 WL 4799887, at *5 (S.D.N.Y. Nov. 15, 2024) (Ho, J.) ("There is an exceedingly high level of distrust among all parties, as evidenced by the near-constant stream of accusations of bad faith and dishonest conduct the Court has faced from all sides. The credibility of the parties is also a key substantive issue in

1

this case. For that reason, the Court is not inclined to permit key witnesses … to appear by videoconference") (citation omitted).

Given the fully undisputed, documented and profound record of Carvajal's deception, Carvajal's in-person deposition is absolutely necessary to ensure she does not commit similar deception during her deposition. *See e.g. Natural-Immunogenics Corp. v. Newport Trial Grp.*, 2017 WL 10562990, at *6 (C.D. Cal. Aug. 14, 2017) ("Videoconference depositions [for the key witnesses] are not suitable for such controversial situations, since counsel would be unable to ascertain if anyone is listening in or coaching the witness"); *Kean v. Bd. of Trustees of the Three Rivers Reg'l Libr. Sys.*, 321 F.R.D. 448, 453 (S.D. Ga. Jan. 26, 2017) ("A remote deposition offers no guarantees or safeguards against improper conduct by the witness such as crib notes or signaled answers."); *Simoni v. United Airlines, Inc.*, 2023 WL 12218435, at *1 (N.D. Ill. Aug. 25, 2023) (denying remote deposition because of, among other things, "the potential for foul play[.]"); *Tsien v. Bd. of Regents of Univ. Sys. of Georgia,*, 2021 WL 6617307, at *3 (S.D. Ga. Nov. 12, 2021) ("The opportunity for mischief arises when a deponent logs into a remote deposition without counsel or a court reporter physically present in the same room."). Carvajal, however, claims she is entitled to a remote deposition based on her "security concerns" and travel and childcare considerations. Carvajal's must be denied for three reasons.

**First**, Carvajal's chosen method of seeking a remote deposition is procedurally improper. Carvajal, a non-party, proceeds by Fed.R.Civ.P. 30(b)(4) when she was required to proceed by way of Fed.R.Civ.P. 45, governing subpoenas to non-parties, and establish compliance with the subpoena would constitute an "undue burden." *Id.; GiftRocket, Inc. v. Buchnik*, 2025 WL 888483, at *1 (E.D.N.Y. Mar. 21, 2025) (Scanlon, M.J.) ("The Court denies the Deponents' motion to quash but modifies the subpoenas, in that the depositions are to be conducted remotely[.]"; *cf.* n. 3).[1] "Under Rule 45, whether to allow a third-party deposition over the deponent's objection is a matter left to the Court's discretion. *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas,* 262 F.R.D. 293, 299 (S.D.N.Y.2009). The "Court engages in a balancing test to determine whether undue burden exists" because a subpoena is unreasonable. *Id.* (citing *Concord Boat Corp. v. Brunswick Corp.,* 169 F.R.D. 44, 49 (S.D.N.Y.1996); 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2463.1 (3d ed. 2008)). The Court "balance[s] the

---

[1] In the two cases Carvajal cites in her letter, *Pac. Servs. Establishment v. Djunic*, 2026 U.S. Dist. LEXIS 17877, at *3 (S.D.N.Y. Jan. 28, 2026) and *Douramanis v. Dur-Americak Brokera, Inc.*, 20 CV 5825 (KHP), the motions for remote depositions were made by *parties to the litigation*. Moreover, Carvajal's analysis of the cases is blatantly misleading. She cites *Pac. Servs. Establishment* for the proposition that remote depositions will presumptively be granted, when that quote actually comes from the unsuccessful movant's letter motion, 24 CV 7687, ECF Doc. No. 91 (S.D.N.Y.), not the decision, citing to Local Rule 30.2, a rule that has no application to non-parties. *Wei Su v. Sotheby's, Inc.*, 2019 WL 4053917, at *2 (S.D.N.Y. Aug. 28, 2019) ("The text of Rule 30.2 clearly refers to a motion made *by the party noticing a remote deposition*, not a motion for a protective order made by the deponent") (emphasis added). Carvajal's purported quote about remote depositions being the new normal is also from the unsuccessful movant's letter motion citing *Douramanis v. Dur-Americak Brokera, Inc.*, 20 CV 5825 (KHP), a case allowing a remote deposition because, in addition to a childcare concern, the plaintiff had a multiple sclerosis attack, needed a nurse on standby to administer steroids intravenously, and the only claim of prejudice opposing the request was that the opposing party would lose "some ability to assess [the plaintiff's] demeanor." ECF Doc. No. 80-81. In *Sabhnani v. Mirage Brands, LLC*, 2022 WL 16965009, at *1 (E.D.N.Y. Nov. 16, 2022) (Wicks, M.J.), the court was not presented with the issue of whether depositions should be conducted remotely, but simply observed in a footnote that "[o]ne would think that as a result of the widespread acceptance of remote, virtual depositions becoming the new normal[,]" disputes like [the one before that court] would be mooted. *Id.* at n. 1. Thus, neither case supports non-party Carvajal's motion for remote depositions.

interests served by demanding compliance with the subpoena against the interests furthered by quashing it." *Id.* (quoting Wright & Miller § 2463.1), considering "whether the information is necessary and whether it is available from any other source." *Id.* There is no basis in law allowing Carvajal to skirt this standard.

**Second**, Carvajal's unsubstantiated "safety concerns" are simply an excuse to request a remote deposition. There is absolutely no cognizable risk to Carvajal's safety. She offers no evidence or affirmation that her safety will be jeopardized by sitting for a deposition with her attorney, plaintiffs' attorney, and paralegal. She does not explain what "information" plaintiffs (who will not be attending the depositions) supposedly sought about her 12 years ago, much less submit any evidence that even the calls even occurred. Nor does the City, which represents Carvajal, submit such evidence. Tellingly, Carvajal's claimed "safety concerns" are irreconcilable with her public actions since plaintiffs' release from custody three years ago, in January 2023. Despite plaintiffs' release and commencement of their lawsuits in 2024, Carvajal continued to maintain: (1) a website available to the public displaying pictures of her and her children, her office address and her work as a former Brooklyn prosecutor; (2) extensive social media posts with her children; (3) pictures of the view from her home looking into her backyard; and (4) videos of her inside her home.[2] Her purported "safety concerns" are nothing more than a non-veiled attempt to answer questions "without counsel or a court reporter physically present in the same room." *Tsien v. Bd. of Regents of Univ. Sys. of Georgia*, 2021 WL 6617307, at *3. (We served our subpoenas for this deposition in October 2025, and this is the first time Carvajal raised her "safety concerns.")

**Finally**, a need to get childcare to attend the deposition might in some cases justify a remote deposition, but not under the present facts. *See e.g. United States ex rel. Lutz v. Berkeley Heartlab, Inc.*, 2017 WL 5952689, at *2 (D.S.C. Nov. 29, 2017) ("[T]he parties' right to compulsory process to obtain testimony from material witnesses certainly extends to witnesses who have children …. Needing to obtain childcare for one or two days is not a sufficiently extraordinary circumstance to quash a subpoena."); *Ashkenazi as Tr. of Halpert Alexander Tr. v. Lincoln Nat'l Life Ins. Co.*, 2010 WL 11623469, at *2 (E.D.N.Y. Aug. 27, 2010) (Pollack, M.J.) ("Inconvenience alone will not justify an order to quash a subpoena that seeks potentially relevant testimony."). Courts routinely order deponents to travel from outside the district for depositions. We have offered to conduct Carvajal's deposition in Garden City, only one hour from where she resides. Requiring Carvajal to obtain childcare for two days and to travel for one hour is wholly reasonable, especially considering her importance to this case and when contrasted with the decades plaintiffs lost in prison. Her motion to force plaintiffs to take her deposition remotely should be denied in all respects.

Very truly yours,

Andrew Stengel

Encls.

---

[2] https://www.tiktok.com/@carvajallaw/video/7520361974769650974; https://carvajallawfirm.com/bio; https://www.instagram.com/melissal.carvajal/;
https://www.tiktok.com/@carvajallaw/video/7570469513276165406?is_from_webapp=1&sender_device=pc);
https://myemail.constantcontact.com/Carvajal-Law-Weekly---How-do-you-Protect-Your-Kids-from-the-Unthinkable--.html?soid=1140674083896&aid=N7O7vm4GAYk
https://www.tiktok.com/@carvajallaw/video/7570871993453628703?is_from_webapp=1&sender_device=pc;
https://myemail.constantcontact.com/Carvajal-Law-Weekly--How-to-Title-your-Assets.html?soid=1140674083896&aid=Hop7TouOiOk;
https://www.tiktok.com/@carvajallaw/video/7520361974769650974

cc: Kavin Thadani
Senior Corporation Counsel
(*Attorney for non-party Melissa L. Carvajal*)