

# EXHIBIT A



**OFFICE OF THE DISTRICT ATTORNEY, KINGS COUNTY**
**RENAISSANCE PLAZA at 350 JAY STREET**
**BROOKLYN, N.Y. 11201-2908**
**(718) 250- 2000**

**CHARLES J. HYNES**
**District Attorney**

I, _Nicole Williams_ , am a witness in the case of the People vs.
_Rodger Freeman_ Indictment # _2406/11_
Prosecuted by ADA _M. Carvajal_ understand and agree to the following:

I was interviewed on today's date by _Det P Diorio_ regarding the above

Referenced case.

The Kings County District Attorney's Office agreed to assist me with _a NYCHA_
_transfer either through the Interest of_
_Justice Program or the Kings County District_
_Attorney's Office._

I am satisfied with and am accepting the assistance offered to me by the Kings County District Attorney's Office.

X _Nicole N. Williams_
**Signature of Witness**

X _12/9/13_
**Date**

_____
**Signasture of Legal Guardian**

_____
**Date**

**A-038**

MEMO TO FILE

12/17/13 - Spoke with ADA. Carvajal and she advised that there is no relationship between Nicole and Antoinette Williams and Kenneth Williams, she also indicated that Nicole will be testifying and there is a possibility that Antoinette may testify; I informed PO Vladmir of above and he also confirmed with ADA. Carvajal.

12/23/13 - Received a call from P.O. Vladmir (IOJ), Nicole and Antoinette were approved for Transfer, will advise when Apt. is available.

1/6/14 - IOJ called Ms. Nicole Williams. was offered an Apt; she has appointment for either Thursday Friday at ███████████████

A-036

*Williams, Antoinette* (handwritten)

## CARVAJAL, MELISSA

| | |
|---|---|
| **From:** | SEARS, YVONNE N |
| **Sent:** | Thursday, January 16, 2014 4:30 PM |
| **To:** | TAUB, KENNETH |
| **Cc:** | CARVAJAL, MELISSA |
| **Subject:** | FW: RE:L Nicole and Antoinette Williams - Ind # 2406/11 |

FYI – 1/16/14

IOJ called and and advised that Antoinette Williams paperwork was approved by NYCHA as Head of Household, the back rent owed was adjusted to Antoinette's budget, the amount owed is $1,326.00, IOJ advised her to go to Public Assistance and see if they are willing to help her. (Would not be approved for an apartment unless back rent is paid).

**From:** SEARS, YVONNE N
**Sent:** Tuesday, January 14, 2014 7:18 PM
**To:** CARVAJAL, MELISSA
**Subject:** RE:L Nicole and Antoinette Williams - Ind # 2406/11

FYI – 1/14/14

IOJ called and advised that Nicole Williams advised NYCHA she wants to be out of NYCHA permanently and does not wish to be Head of Household any longer, Antoinette Williams will submit paperwork to NYCHA to be Head of Household, after paperwork is submitted and if approved by NYCHA a re-adjustment would be made to Antoinette's budget, also currently back rent is owed on apartment. IOJ thinks Nicole maybe living elsewhere.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS: PART 2
--------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK,　　　:

　　　　　　　　　　　　　　　　　　　　　　　:

　　　　　　　　　　　　　　　　　　　　　　　:　　AFFIRMATION IN
　　　　　　- against -　　　　　　　　　　　:　　OPPOSITION TO
　　　　　　　　　　　　　　　　　　　　　　　:　　MOTION TO SET
　　　　　　　　　　　　　　　　　　　　　　　　　ASIDE VERDICT
Rodger Freeman,　　　　　　　　　　　　　　:

　　　　　　　　　　　　　　　　　　　　　　　:　　Kings County
　　　　　　　　　　　　　　　　　　　　　　　　　Indictment Number
　　　　　　　　　　　　　　　　　　　　　　　　　2406/2011
　　　　　　　　　　　　Defendant.　　　　　:
--------------------------------------------X

DA COPY

　　　MELISSA L. CARVAJAL, an attorney admitted to practice in the State of New York and an Assistant District Attorney in the County of Kings, affirms the following to be true under the penalties of perjury:

　　　1.　This affirmation is submitted in opposition to the defendant's motion, dated April 14, 2014, pursuant to C.P.L. § 330.30, to set aside the February 27, 2014 verdict regarding Attempted Murder in the First Degree for the shooting of a witness in a criminal trial.

　　　2.　The following statements are made on information and belief based upon the records and files of the Kings County District Attorney's Office and the evidence presented at the trial of the above entitled action in the Supreme Court, Kings County.

PLAINTIFF-009829

3. The People's evidence at trial showed the following: that on January 17, 2011, the defendant, Rodger Freeman, along with his co-defendant, Shamar Viera, lured Kenneth Williams to the rooftop of 829 Schenck Avenue and shot him multiple times. Kenneth Williams was a witness who was set to testify against Terell Viera (Shamar Viera's younger brother) at his murder trial (Kings County Indictment number 12082/2008).

4. Thereafter, the jury returned a verdict convicting the defendant of Attempted Murder in the First Degree for the shooting of Kenneth Williams, Criminal Possession of a Weapon in the Second Degree; Conspiracy in the Second Degree; and two counts of Intimidating a witness in the First Degree.

5. By papers dated April 14, 2014, defendant has moved pursuant to C.P.L. § 330.30 to set aside the verdict on three grounds, namely (1) a voice recording, (2) a witness who testified under a protective order, and (3) prosecutorial misconduct based on comments given by the prosecutor during summation. *See Defendant's Motion to Set Aside Verdict, affirmation.*

WHEREFORE, for the reasons stated in the attached Memorandum of Law, and in this affirmation, defendant's motion should be summarily denied.

Dated:    April 29, 2010
          Brooklyn, New York

2

**PLAINTIFF-009830**

Melissa L. Carvajal
Assistant District Attorney
Homicide Bureau
District Attorney's Office
Kings County
350 Jay Street
Brooklyn, NY 11201

cc:  John Rodriguez
375 Park Avenue
Suite 2607
New York, NY 10152

3

**PLAINTIFF-009831**

## Protective order

The timing of the People's disclosure of Williams's name was entirely proper as a matter of New York state law. "'A criminal defendant's rights to discovery are contained in CPL article 240.'" People v. Denham, 97 A.D.3d 691, 692 (2d Dep't 2012) (citations omitted). "'Where no statutory right of discovery is provided, no substantive right of discovery exists.'" Id. (citation omitted). The Criminal Procedure Law does not compel the People to identify their witnesses, except where a prosecution witness is expected to testify in rebuttal in order to discredit the testimony of a defense alibi witness. See C.P.L. § 250.20(2); People v. Williams, 243 A.D.2d 833, 837 (3d Dep't 1997) ("The CPL does not compel the production of witness lists except when a defendant asserts an alibi defense"); People v. Coleman, 178 A.D.2d 842, 844 (3d Dep't 1991) ("defendant does not have, as he maintains, a constitutional or statutory right to pretrial disclosure of the identity of prosecution witnesses"), rev'd on other grounds, 81 N.Y.2d 826 (1993); People v. Miller, 106 A.D.2d 787, 788 (3d Dep't 1984) (same).

Trial courts, as a matter of discretion, may order the People to disclose the identity of their witnesses at some point before they testify. Williams, 243 A.D.2d at 837. In this

9

**PLAINTIFF-009837**

case, the trial court ordered the People to disclose their prospective witness' name the morning the witness testified, in that all *Rosario* material had already been provided. The People fully complied with that order, by turning over Williams' name that morning.

Consequently, insofar as defendant's claim is based on the timing of the People's disclosure of Williams's name, defendant's claim is utterly meritless, as defendant was not entitled to pretrial disclosure of her name.

In addition, Criminal Procedure Law § 240.50 provides that a court, upon motion of either party or in its own discretion, may issue a protective order:

> "denying, limiting, conditioning, delaying or regulating discovery pursuant to this article for good cause including constitutional limitations, danger to the integrity of physical evidence or a substantial risk of physical harm, intimidation, economic reprisal, bribery or unjustified annoyance or embarrassment to any person or an adverse effect upon the legitimate needs of law enforcement, including the protection of the confidentiality of informants, or any other factor or set of factors which outweighs the usefulness of the discovery."

The law of this State does not require the People to sit idly by and wait for any witness to be physically harmed, intimidated,

10

**PLAINTIFF-009838**

threatened or otherwise annoyed or harassed to the point of non-cooperation; the law provides that a protective order may be issued to prevent such an occurrence by limiting, delaying or denying discovery. As such, the prosecution requested the Court to issue an order delaying the release of the name of witness Nicole Williams until the morning she was going to testify.

There was concern regarding Nicole Williams' safety because of her cooperation with the District Attorney's Office. The defendants were facing sentences of life incarceration for attempting to commit the murder of a witness in a criminal prosecution. Further, Ms. Williams's daughter, Antoinette Williams, has been threatened by the Defendant. Further, evidence at trial illustrated several recorded phone calls in which Defendant Freeman calls Antoinette Williams and tells her that both her and her family "don't know him."

No harm or prejudice came to the defendants by granting a delay as no discoverable or *Rosario* material existed with regards to this witness. She was never interviewed by the police and made only oral statements to the Assistant District Attorney. Therefore, the defense counsels did not suffer any prejudice in that there did not exist any additional paperwork to review once the name was handed over. Moreover, Ms. Williams' unredacted phone records were turned over months before the trial began. Moreover at one of Freeman's calendar calls as

11

PLAINTIFF-009839

the record will indicate the People put on the record that Freeman's connection to the location of the shooting was known to the prosecutor and that the People would be introducing evidence of Freeman's relationship with Antoinette Williams as well as phone records, in which the subscriber was Nicole Williams. Thus, the defense had Ms. Williams name, months before the trial. The People simply did not place Ms. Williams name on their witness list. The early release of the witness' name, as a cooperative witness who was going to take the stand, could have created a great risk of physical harm or reprisal or unjustified annoyance or embarrassment to the witness. This risk appeared even greater in light of the fact that this entire case was predicated on the **shooting of a witness** of defendant Terell Viera's murder trial the night before jury selection.

**Prosecutorial Misconduct**

Finally, the defense alleges that it was prosecutorial misconduct to comment on the evidence in summation. During summation the People are permitted to make fair comment on the evidence or the rational **inferences** to be drawn therefrom. *People v Hawley*, 112 A.D.3d 968 (2d dept 2013). The defense alleges that it was prosecutorial misconduct to comment on where Freeman may have retrieved a weapon to shoot Kenneth Williams.

12

PLAINTIFF-009840

## DECISION and ORDER

SUPREME COURT         KINGS COUNTY        (CRIMINAL TERM, PART 2)

----------------------------------------------------------------x

THE PEOPLE OF THE STATE OF NEW YORK        BY: TOMEI, J.

v.                      DATED: MAY 19, 2014

ROGER FREEMAN,                 INDICTMENT NO. 2405/2011

                          Defendant.

----------------------------------------------------------------x

The defendant, Roger Freeman, was convicted following a jury trial of attempted murder in the first degree, conspiracy in the second degree, intimidating a victim or witness in the first degree (two counts) and criminal possession of a weapon in the second degree. Before sentence, the defendant filed a motion pursuant to CPL §330.30 to set aside the verdict, alleging that the court had erred 1) in denying the defense mistrial motion when the prosecution mistakenly played for the jury a portion of a recorded telephone call made by the defendant which included an admission of guilt, and for which the People had not obtained a pre-trial ruling regarding admissibility, 2) by granting a protective order, *ex parte*, regarding the name of the only witness who identified the defendant at trial, and 3) due to alleged prosecutorial misconduct in summation.

Criminal Procedure Law Section 330.30(1) provides that a court may set aside a verdict upon "[a]ny ground appearing in the record which, if raised on appeal from a prospective judgment of conviction, would require a reversal . . . of the judgment as a matter of law by an appellate court." In order for a court to set aside the verdict upon an alleged error committed at trial, the error must have been preserved for review by alerting the court to the issue at trial and by raising during trial the identical legal ground asserted in the motion to set aside the verdict. *See People v. Lawrence*, 85 NY2d 1002 (1995); *People v. Padro*, 75 NY2d 820 (1990); *People v. Carter*, 63 NY2d 530 (1984); *People v. Josey*, 204 AD2d 571 (2d Dept. 1994); *People v. Silas*, 308 AD2d 465 (2d

**PLAINTIFF-086762**

York near the time of the shooting, and finally, back in Coney Island shortly after the shooting. In addition, a video tape of the location where the victim was picked up shows defendant Freeman inside the store with the victim, making a phone call, as reflected on the cell phone records . All of this evidence, taken together, overwhelmingly establishes the defendant's guilt. Therefore, the erroneous playing of the recorded statement by defendant Freeman that he was never going home is harmless.

Protective Order

The defendant objected to the court's having issued a protective order permitting the People to not disclose the name of Nicole Williams until she testified based on an *ex parte* application by the People. He argued that he should be permitted to review the motion papers and that he was prejudiced by the late disclosure of the witness. The defense is not entitled to a pre-trial disclosure of the identity of prosecution witnesses. *See* CPL § 250.20(2); *People v. Williams*, 243 AD 2d 833, 837 (3d Dept. 1997). Moreover, as New York law clearly permits the People to make *ex-parte* applications for protective orders, it was not error to do so in this case or to deny the defense request to review the motion papers. *See* CPL§§ 240.50, 240.90 (3); *People v. Contreras*, 12 NY3d 268, 273 (2009); *People v. Frost*, 100 NY 3d 129, 134-135 (2003); *People v. Boyd*, 164 AD2d 800, 802 (1st Dept. 1990). There is also no merit to the defendant's claim that he was prejudiced by the delayed disclosure of the name of the witness as she had made no prior statements or identification and there was no undisclosed *Rosario* material relating to her. In addition, the defendant was fully aware of the identity of this witness as she was his girlfriend's mother, he mentioned her in his admitted Rikers phone calls, and her telephone records had been turned over to the defense in discovery.

Finally, in this case, where the defendant was on trial for attempting to kill the only

4

**PLAINTIFF-086765**

identifying witness to a prior murder committed by his friend and co-defendant, ███ Viera, in order to prevent that witness from testifying at ███ Viera's trial, it was not an abuse of discretion to issue the protective order regarding the name of the only identifying witness in this case. Particularly where defendant Freeman knew the witness' name, address and telephone number and had made efforts prior to trial to ensure that she would not tell the police that she knew him. That defendant and his co-defendants were all incarcerated prior to trial was not a reason to deny the motion as co-defendant ███ Viera had also been incarcerated when the victim in this case was shot to prevent his testimony against Viera in the earlier trial.

### Prosecutorial Misconduct in Summation

The defendant claims that the prosecutor committed misconduct in her summation by arguing that the defendant may have picked up the gun used to shoot the victim from the home of his girlfriend's mother, Nicole Williams, which he visited shortly before the shooting. The defendant did object to this argument, and moved for a mistrial. Although this claim is preserved for review, the court adheres to its earlier ruing that the argument was fair comment on the evidence. It is certainly not the type of comment that would require reversal as a matter of law on appeal.

The defendant's remaining claims of prosecutorial misconduct are not preserved for appellate review either because they were never advanced at trial or because the defendant failed to include them in his mistrial motion. See People v. Romero, 7 NY3d 911 (2006); *People v. Harris*, 98 NY32d 452 , 491 fn 18 (2004); *People v. Boyce*, 54 AD3d 1052 (2d Dept. 2008). The unpreserved claims may not be considered in a motion to set aside the verdict pursuant to CPL § 330.30. *See People v. Thomas*, 8 A.D.3d 303 (2d Dept. 2004); *People v. Amato*, 238 AD2d 432 (2d Dept. 1997).

**PLAINTIFF-086766**

Therefore, and for the foregoing reasons, the defendant's motion to set aside the verdict pursuant to CPL § 330.30 is denied in all respects.

This constitutes the decision and order of the court.

_____
HON. ALBERT TOMEI, J.S.C.

HON. ALBERT TOMEI

6

**PLAINTIFF-086767**