UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RODGER FREEMAN,

                        Plaintiff,

        -against-

THE CITY OF NEW YORK, *et al.*,

                        Defendants.

SHAMAR VIERA,

                        Plaintiff,

        -against-

THE CITY OF NEW YORK, *et al.*,

                        Defendants.

**<u>ORDER</u>**

24-cv-1267 (BMC) (MMH)
24-cv-1272 (BMC) (MMH)

**COGAN**, District Judge.

These two related civil rights cases are proceeding on parallel discovery tracks.  The cases are before the Court on defendants' objection to Magistrate Judge Marcia M. Henry's order denying defendants' motion to conduct non-party Melissa Carvajal's deposition remotely.  For the reasons below, defendants' objection is overruled.

## BACKGROUND

Both cases arise from the respective plaintiffs' arrests and prosecution for the shooting of a witness that was supposed to testify against them in a 2011 criminal trial.  About a decade later, their convictions were overturned on procedural grounds, and they brought the instant suit alleging civil rights violations for they time spent incarcerated.

Carvajal is a former Kings County prosecutor that plaintiffs intend to depose.  Carvajal urged to have her deposition taken remotely, citing safety concerns.  Her concerns are quite obvious: defendants were previously convicted of shooting a witness that would testify against them, and now she is a witness that will ostensibly testify against them.  Ergo, Carvajal considers herself to be in danger of being harmed, so she moved to have her deposition conducted remotely.[1]  Judge Henry denied the motion and this objection followed.

## DISCUSSION

"Pursuant to Federal Rule of Civil Procedure 72(a), a party has the option of objecting to a magistrate judge's order concerning any non-dispositive pretrial matter."  Jackson v. Nassau Cnty., 350 F.R.D. 227, 232 (E.D.N.Y. 2025).  "The district judge 'must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'"  Id. (quoting Fed. R. Civ. P. 72(a)); see also 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [non-dispositive] pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

The Supreme Court has emphasized that the "clearly erroneous" standard is met only if, after reviewing the entire record, the Court "is left with the definite and firm conviction that a mistake has been committed."  United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); see also Ahmed v. T.J. Maxx Corp., 103 F. Supp. 3d 343, 350 (E.D.N.Y. 2015) (Rule 72(a)'s "standard is highly deferential, imposes a heavy burden on the objecting party, and only permits reversal where the magistrate judge abused [her] discretion.").  "Either an error of law or a clear error of fact may constitute an abuse of discretion."  Ellis v. YMCA Camp Mohawk, Inc., 615 F.

---

[1] Although Carvajal is a non-party, defendants' counsel agreed to "represent[ her] for the limited purpose of her deposition."  Carvajal separately raised a commuting and childcare justification for conducting the deposition remotely, but concedes that her "safety concerns were the moving force behind [her request] for a remote deposition."  The Court thus only considers the safety concerns.

App'x 697, 698 (2d Cir. 2015) (quoting Schering Corp. v. Pfizer, Inc., 189 F.3d 218, 224 (2d Cir. 1999)).

The question before the Court is not whether the record permits the conclusion that Carvajal's deposition should be remote.  See Cuomo v. N.Y. State Assembly Judiciary Comm., 683 F. Supp. 3d 258, 268 (E.D.N.Y. 2023) ("A court abuses its discretion when its decision . . . cannot be located within the range of permissible decisions.").  Rather, the question is whether the record compels the conclusion that Carvajal's deposition should be remote.

According to defendants, because "remote depositions are presumptively valid under the Federal Rules," In re Terrorist Attacks on Sept. 11, 2001, 337 F.R.D. 575, 579 (S.D.N.Y. 2020), "in order to properly deny defendants' [motion], plaintiffs . . . must rebut that presumption of validity."  In other words, defendants contend that when a litigant prefers a remote deposition, it is the opposing party's burden to show why it must be in person.  But that is wrong, and defendants conflate "presumptive validity" with "entitlement."  See Cerco Bridge Loans 6 LLC v. Schenker, 768 F. Supp. 3d 559, 585 (S.D.N.Y. 2025) (There is "no authority for the proposition that a deponent may unilaterally decide to appear remotely for a deposition that was noticed to take place in person."); United States v. Amadea, No. 23-cv-9302, 2024 WL 4799887, at *7 (S.D.N.Y. Nov. 15, 2024) ("the party noticing a deposition is generally entitled to choose the location of it").

Carvajal is not entitled to a remote deposition, and the question here is whether Judge Henry's decision requiring it to be in person was "within the range of permissible decisions." Cuomo, 683 F. Supp. 3d at 268.  To that end, defendants argue that Judge Henry "disregarded Ms. Carvajal's significant safety concerns."  Put differently, defendants contend that Carvajal's asserted safety concerns allow for no conclusion other than permitting the remote deposition.

3

The Court is not persuaded. Courts may mitigate deposition related safety concerns in myriad ways. True, the solution is sometimes to allow remote depositions, see, e.g., SEC v. Aly, 320 F.R.D. 116, 118 (S.D.N.Y. 2017) ("Any deposition of [defendant] shall be conducted by videoconference" because in-person deposition in Pakistan "would pose a significant and unjustified risk"), but not always, see, e.g., El-Massri v. New Haven Corr. Ctr., No. 18-cv-1249, 2019 WL 2006001, at *6 (D. Conn. May 7, 2019) (Requiring "at least one correctional officer present for the duration of the deposition to ensure the safety of all present.").

Here, Judge Henry addressed Carvajal's safety concerns by (1) having the deposition take place at the location offered by defendants; (2) allowing plaintiffs to attend the deposition only by telephone; and (3) preventing counsel from disclosing to plaintiffs the location of the deposition.[2] That decision was well within her "broad discretion to control the time and place of discovery [including] the location of [a] deposition." SEC v. Softpoint, Inc., 958 F. Supp. 846, 856 (S.D.N.Y. 1997).

## CONCLUSION

Defendants' objection to Judge Henry's order denying their motion to conduct Carvajal's deposition remotely is overruled.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
      April 29, 2026

---

[2] Defendants go on to argue that Judge Henry's safeguards are insufficient, because "one would only need to conduct a simple Google search of 'deposition' or 'court reporter' and 'Garden City,' which location has been publicly docketed . . . to discover the specific proposed location of Ms. Carvajal's in-person deposition." If Carvajal considers defendants' proposed location to now be inadequate, she may of course ask Judge Henry to order the deposition take place wherever Carvajal feels sale, including this courthouse, in the presence of Court Security Officers.

4