

**THE CITY OF NEW YORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

**STEVEN BANKS**
*Corporation Counsel*

**KAVIN THADANI**
*Senior Counsel*
Tel.: (212) 356-2351
Fax: (212) 356-3509

May 4, 2026

**BY ECF**
Honorable Marcia M. Henry
United States Magistrate Judge
United States District Court
Eastern District of New York

>       Re:     <u>Rodger Freeman v. City of New York, et al.</u>, 24 CV 1267 (BMC) (MMH)
>               <u>Shamar Viera v. City of New York, et al.</u>, 24 CV 1272 (BMC) (MMH)

Your Honor:

I am a Senior Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York, and the attorney assigned to represent the defendants in the above-referenced matters. Defendants respectfully write in opposition to plaintiffs' motion to compel the search for and production of New York City Police Department "informant files" for Kenneth Williams, James Farmer, Damian James, Nicole Williams and Dwon Williams (and possibly also Antoinette Williams). *See* Dkt. Nos. 81 (Freeman), 52 (Viera). As explained further below, plaintiffs' request for "informant files" should be denied as it amounts to a fishing expedition based on pure speculation.

As an initial matter, following the departure from our office of the attorney previously assigned to the defense of the above-referenced matters, I first spoke with plaintiffs' counsel on January 27, 2026. During that conversation, I asked plaintiffs' counsel whether plaintiffs contended there was any outstanding document discovery that defendants had not produced. The only item mentioned was "informant files," but they were only for James Farmer and Damian James. I took no position concerning the request during that conversation and plaintiffs' counsel did not raise plaintiffs' request for any "informant files" again until nearly two months later, on March 24, 2026. In addition, it is also my understanding that plaintiffs' counsel spoke with the prior attorney assigned to the defense of the above-referenced matters on November 18, 2025, and, during that conversation, there was also a discussion about "informant files," but, again, only for James Farmer and Damian James (plaintiffs' counsel did not dispute this when I raised it with him). Thus, until March 24, 2026, it appeared that plaintiffs had abandoned their request for "informant files" for Nicole Williams, Kenneth Williams and Dwon Williams.

Apparently contrary to courts in the Eastern District of California, "courts in the Second Circuit," where the above-referenced matters are pending, "have denied fishing expeditions that are based purely on speculation." *Walsh v. Top Notch Home Designs Corp.*, No. 20 CV 5087 (GRB) (JMW), 2022 U.S. Dist. LEXIS 143801, at *16-17 (E.D.N.Y. Aug. 11, 2022) (citing cases;

1

*see also, e.g., McGregor v. City of New York*, No. 24 CV 6951 (EK) (TAM), 2026 U.S. Dist. LEXIS 34179, at *16 (E.D.N.Y. Feb. 19, 2026) ("And courts in this circuit have found that speculation about what one may uncover in discovery can amount to an impermissible fishing expedition, supporting limits on discovery."); *Norton v. Town of Islip*, No. 04 CV 3079 (PKC) (SIL), 2019 U.S. Dist. LEXIS 150421, at *16 (E.D.N.Y. Sep. 4, 2019) ("'[C]ourts should not grant discovery requests based on pure speculation that amount to nothing more than a fishing expedition.'") (citation omitted). Indeed, "the Federal Rules of Civil Procedure do not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions or speculation." *Whiteside v. Hover-Davis, Inc.*, No. 19 CV 6026 (CJS), 2020 U.S. Dist. LEXIS 34740, at *21 n.14 (W.D.N.Y. Feb. 28, 2020) (noting that "Plaintiff is making speculative allegations that he hopes to substantiate through a discovery fishing expedition").

Thus, "'[t]he party seeking discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition.'" *Wilson v. Cheng*, No. 15 CV 23 (CBA) (MMH), 2022 U.S. Dist. LEXIS 60578, at *21 (E.D.N.Y. Mar. 31, 2022) (Henry, M.J.) (citation omitted).

Here, plaintiffs have failed to make such a *prima facie* showing as they have not presented any evidence to reasonably support the contention that Damian James, James Farmer, Antoinette Williams, Nicole Williams, Dwon Williams or Kenneth Williams were ever police informants.

Plaintiffs' apparent argument that Damian James was not prosecuted for the shooting of Kenneth Williams because he was a police informant is without merit. Indeed, plaintiffs are well aware that Mr. James was not prosecuted because he had an alibi at the time of the shooting and was thus mis-identified by Mr. Williams, a fact that was thoroughly discussed at the criminal trial and that plaintiff Viera's criminal defense counsel repeatedly emphasized to cast doubt on Mr. Williams's identification of plaintiff Viera. The Kings County District Attorney's Office also reported to Mr. James's parole officer that he had been identified by Mr. Williams. Mr. James was also arrested and prosecuted in November 2012 (more than a year before plaintiffs' criminal trial) on unrelated assault charges and ultimately sentenced to 3 to 6 years in custody.

Plaintiffs' apparent argument that James Farmer was not prosecuted for the shooting of Kenneth Williams because he was a police informant is also without merit. Mr. Farmer was never identified by Mr. Williams. Moreover, Mr. Farmer was prosecuted and convicted for possessing the firearm used in the shooting, and sentenced to three years in custody as a result. Mr. Farmer was also subsequently arrested and prosecuted again shortly after his release for an unrelated attempted murder and ultimately sentenced to 42 months in custody.

As for Antoinette Williams, as an initial matter, plaintiffs never even served a document request seeking "informant files" for her and, thus, plaintiffs' motion is improper as it pertains to her. In any event, plaintiffs offer no reason to believe that Antoinette Williams was a police informant. Likewise, plaintiffs offer no reason to believe that Nicole Williams was a police informant. There is also no evidence in the record to support that Nicole Williams spoke to anyone from the NYPD or KCDA about her observations until she was served with a subpoena a month before plaintiffs' criminal trial. *See, e.g.,* First Amended Complaint (Dkt. No. 9) at ¶ 93. To the extent plaintiffs argue that Nicole Williams may have been acting as an informant in plaintiffs' criminal trial, such argument is belied by the record, which demonstrates, *inter alia*, that plaintiff

Freeman had more than ten telephone calls with the landline in Nicole Williams's apartment on the day of the shooting, that plaintiff Freeman was in an intimate relationship with Nicole Williams's daughter, Antoinette, that Nicole Williams's contact information was saved in plaintiff Freeman's cellular telephone, and that the shooting occurred on the roof of Nicole Williams's apartment building. In addition, after the shooting, plaintiff Freeman made several recorded telephone calls aimed at silencing Nicole Williams, among others.

That Dwon Williams ("Dwon") was not prosecuted for the shooting of Mr. Williams is also not a reason to believe that he was a police informant. Dwon was not identified by Mr. Williams, nor did he have any motive to shoot him (unlike plaintiffs).

Finally, plaintiffs offer no reason to believe that Kenneth Williams, the victim of the shooting, was a police informant.

Plaintiffs' arguments largely center around the relevance of "informant files" if, hypothetically, any of these individuals were actually police informants. However, "[a]lthough Plaintiff may 'speculate[] that [such discovery] might reveal useful material,' such speculation is not a basis for this Court to compel discovery." *Pothen v. Stony Brook Univ.*, No. 13 CV 6170 (JFB) (AYS), 2017 U.S. Dist. LEXIS 37233, at *11 (E.D.N.Y. Mar. 15, 2017) (citation omitted).

In addition, even assuming that any of the individuals mentioned above were informants, any such "informant files" are protected from disclosure by the law enforcement privilege and informant's / informer's privilege. "The purpose of the law enforcement privilege is 'to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation.'" *White v. City of Mount Vernon*, No. 19 CV 853 (NSR) (JCM), 2022 U.S. Dist. LEXIS 198805, at *7 (S.D.N.Y. Nov. 1, 2011) (citation omitted). "The informant's privilege is a subset of the law enforcement privilege that protects the identity of confidential informants and cooperating witnesses." *Id.* "'The doctrine of informer privilege is applied in civil as well as criminal cases . . . . Indeed, there is ample authority for the proposition that the strength of the privilege is greater in civil litigation than in criminal.'" *United States CFTC v. Parnon Energy, Inc.*, No. 11 Civ. 3543 (WHP), 2014 U.S. Dist. LEXIS 67175, at *9 (S.D.N.Y. May 14, 2014) (citation omitted). The disclosure of an informant file also potentially jeopardizes the safety of that informant. And certain records contained within such a file may be sealed by, *inter alia*, N.Y. C.P.L. § 160.50.

Accordingly, for the foregoing reasons, plaintiffs' motion to compel should be denied in its entirety. In the alternative, defendants respectfully submit that the Court should rule consistently with Magistrate Judge Mann who, when faced with a motion to compel the production of "informant files" in a reverse conviction case for two individuals based on pure speculation that such individuals were police informants, denied the plaintiff's motion in part without prejudice, directing the search and production of "informant files" (subject to redactions) **only** (i) if the lead detective affirmed that either of the two individuals were police informants or (ii) if either of the two individuals testified that they were police informants. *See Rodriguez v. City of New York*, No. 21 CV 1649 (AMD) (RLM), 2022 U.S. Dist. LEXIS 45787, at *4-6 (E.D.N.Y. Mar. 15, 2022).

Defendants thank the Court for its consideration.[1]

Respectfully,

/s/ *Kavin Thadani*

Kavin Thadani[2]

cc:    **BY ECF**
       Andrew Stengel
       *Attorney for Plaintiffs Freeman and Viera*

---

[1] Plaintiffs' counsel has suggested that plaintiffs' depositions, which are currently scheduled for June 3, June 8 and June 10, may not be able to go forward as scheduled if this issue is not resolved by those dates. Defendants respectfully submit that plaintiffs' motion to compel informant files has no bearing on whether the plaintiffs may be deposed at this stage or not.

[2] I respectfully note that I will be out of the office on annual leave, and out of the country, between May 5, 2026 through May 20, 2026.