

# LAW DEPARTMENT

**STEVEN BANKS**
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, N.Y. 10007

**KAVIN THADANI**
*Senior Counsel*
Tel.: (212) 356-2351
Fax: (212) 356-3509

June 3, 2026

**BY ECF**
Honorable Marcia M. Henry
United States Magistrate Judge
United States District Court
Eastern District of New York
Brooklyn, New York 11201

Re:     Rodger Freeman v. City of New York, et al., 24 CV 1267 (BMC) (MMH)
        Shamar Viera v. City of New York, et al., 24 CV 1272 (BMC) (MMH)

Your Honor:

I am a Senior Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York, and the attorney assigned to represent the defendants in the above-referenced matters. Defendants write to respectfully request (i) that the time to complete fact discovery in the above-referenced matters be extended to September 4, 2026, and (ii) a corresponding extension of all other deadlines. Plaintiffs consent to this request. This is the fifth request to extend the time to complete fact discovery and all other deadlines. The prior requests were all granted either in whole or in part. Pursuant to Your Honor's Individual Practice Rules, defendants attach hereto a revised Proposed Discovery Plan/Scheduling Order.

By way of background, on February 3, 2026, the Court extended the deadline to complete fact discovery to April 30, 2026. *See* Feb. 3, 2026 Dkt. Entry. At the April 9, 2026 court conference, the Court further extended the deadline to complete fact discovery by ninety days, which would be to July 29, 2026, and all other deadlines by ninety days as well. *See* Dkt. No. 79 at 50:21-51:10. However, the docket reflects that fact discovery was only extended to July 2, 2026. *See* Apr. 9, 2026 Dkt. Entry.

The primary reason for this extension request is that plaintiffs are not agreeing to be deposed prior to the current fact discovery deadline, whether it is July 2, 2026 or July 29, 2026. On February 21, 25, and 26, and on March 3, 2026, defendants requested available dates in April 2026 to take both plaintiffs' depositions, with the aim of taking plaintiffs' depositions prior to the then-existing April 30, 2026 fact discovery deadline. On March 5, 2026, plaintiffs' counsel indicated that he was "not available for a deposition until May." As I've indicated in prior filings, I was out of the country from May 5 through May 20, 2026. *See, e.g.,* Dkt. No. 83 (Freeman) at 4

1

n.2. Thus, the parties scheduled plaintiff Freeman's deposition for June 3, 2026 and June 8, 2026 and plaintiff Viera's deposition for June 10, 2026.

However, on May 27, 2026, plaintiffs' counsel stated that they were "unable to proceed with plaintiffs' deposition scheduled for June" due to "the volume of outstanding discovery in the case, all of which is necessary to prepare our clients for their depositions." Specifically, plaintiffs' counsel asserted that "[t]he following items are outstanding:

1. NYPD informant files for Nicole, Antoinette and Dwon Williams, all of which may contain information concerning alleged bad acts of our clients and/or information about the underlying crime. Plaintiffs' request for a court conference concerning compelling the City to disclose the files is pending.

2. Unreacted copies of various records, and a proper search for ESI from two of Melissa Carvajal's KCDA-issued cell phones as well as her paralegal's cell phone. Plaintiffs challenged the refusal to disclose less than one week ago after weeks of back and forth with the KCDA concerning the ESI.

3. Various records withheld by the KCDA on deliberative process/attorney work product grounds."

The parties subsequently re-scheduled plaintiff Freeman's deposition for August 5 and August 10, 2026 and plaintiff Viera's deposition for September 2, 2026, after plaintiffs' counsel stated that he could not schedule plaintiffs' depositions in July.

A few hours later, the Court issued an Order stating, *inter alia*, that "the parties shall proceed with Plaintiffs' depositions as scheduled." May 28, 2026 Dkt. Entry. Plaintiffs subsequently filed a letter explaining that the parties had, just a few hours earlier, agreed to re-schedule plaintiffs' depositions and contending that they were "unable to proceed with Plaintiffs' depositions due to Plaintiffs' pending motion as well as ripening disputes with [the] Kings County District Attorney's [O]ffice over records that are improperly redacted, and a proper search of Assistant District Attorney Melissa Carjaval's [sic] cellphone for ESI." Dkt. No. 85 (Freeman); Dkt. No. 56 (Viera).

While defendants do not agree that any of these purportedly outstanding items, to the extent that they are even relevant or discoverable, are necessary before plaintiffs are deposed, they indicated to plaintiffs' counsel that they are willing to delay taking plaintiffs' depositions so long as the Court agrees to extend fact discovery accordingly.

In addition, the parties had previously tentatively scheduled the deposition of plaintiff Freeman's criminal defense attorney, John Rodriguez, for June 23, 2026. However, on April 29, 2026, plaintiffs' counsel indicated that Mr. Rodriguez was not available on that date and the parties subsequently scheduled his deposition for August 4, 2026.

Therefore, the requested extension of time is necessary so that defendants may depose the plaintiffs and Mr. Rodriguez prior to the close of fact discovery.

Accordingly, for the foregoing reasons, defendants respectfully request, with plaintiffs' consent, (i) that the time to complete fact discovery in the above-referenced matters be extended to September 4, 2026, and (ii) a corresponding extension of all other deadlines, as set forth in the attached revised Proposed Discovery Plan/Scheduling Order.

Thank you for your consideration.

Respectfully,

/s/ *Kavin Thadani*

Kavin Thadani

Encl.

cc: **BY ECF**
Andrew Stengel
*Attorney for Plaintiffs Freeman and Viera*