THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**STEVEN BANKS**
*Corporation Counsel*

**KAVIN THADANI**
*Senior Counsel*
Tel.: (212) 356-2351
Fax: (212) 356-3509

September 10, 2026

**BY ECF**
Honorable Marcia M. Henry
United States District Court
Eastern District of New York

Re: Rodger Freeman v. City of New York, et al., 24 CV 1267 (BMC) (MMH)
Shamar Viera v. City of New York, et al., 24 CV 1272 (BMC) (MMH)

Your Honor:

I am a Senior Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York, and the attorney assigned to represent the defendants in the above-referenced matters. Defendants write to respectfully request that the Court (i) issue a protective order with respect to plaintiffs' notice of deposition for the deposition of non-party former Kings County District Attorney's Office ("KCDA") prosecutor Howard Jackson and quash the associated subpoena, and (ii) quash the subpoena plaintiff Freeman intends to serve on the New York City Department of Correction ("DOC") seeking documents concerning non-party Damian James.

**A. Howard Jackson Deposition**

By way of background, on July 8, 2026, the parties filed a joint status report listing the remaining depositions to be taken prior to the close of fact discovery. *See* Dkt. 96 (Freeman). Although Your Honor previously warned that "**[n]o further extensions [of the fact discovery deadline] will be permitted absent extraordinary circumstances**," *see* Dkt. No. 90 (Freeman) (emphasis added), the parties nevertheless jointly requested an extension of the fact discovery deadline solely because, "[d]ue to various scheduling constraints, the parties were unable to schedule all of these depositions by the current fact discovery deadline of September 4, 2026." *See* Dkt. 96 (Freeman) at 2. Although the contemplated remaining depositions were all tentatively scheduled to take place by September 22, 2026, as explained at the Court conference held on July 17, 2026, the parties requested until October 2, 2026 to complete fact discovery in case any of the depositions needed to be re-scheduled. Indeed, since that time, the deposition of non-party John Rodriguez was re-scheduled from August 4, 2026 to September 25, 2026 due to Mr. Rodriguez apparently being engaged in a criminal trial. At the July 17, 2026 Court conference, plaintiffs indicated they may also seek to take the depositions of two unknown Kings County District Attorney's Office detective investigators. No other potential depositions were discussed, and no other "extraordinary circumstances" justifying the extension of fact discovery were offered.

Nevertheless, on Friday, August 28, 2026, plaintiffs served a notice of deposition for non-party former KCDA prosecutor Howard Jackson and a copy of a subpoena plaintiffs intended to serve on Mr. Jackson regarding that deposition, which plaintiffs unilaterally scheduled for Sunday,

September 27, 2026. On September 9, 2026, plaintiffs served a revised notice of deposition and a revised copy of the subpoena, which changed the date for the proposed deposition to September 30, 2026.[1] *See* Exhibits A and B.

As an initial matter, as explained above, the fact discovery deadline was most recently extended so that the depositions listed in the parties' July 8, 2026 joint status report could be taken, not so that additional depositions that had not been contemplated could be scheduled.[2]

In any event, defendants' primary issue concerning this deposition is the apparent lack of relevance. Defendants are not aware of any records, among the literally tens of thousands of pages of documents exchanged in discovery, that indicate that Mr. Jackson had any involvement, let alone meaningful involvement, in the criminal prosecution of the plaintiffs. Furthermore, none of the witnesses deposed thus far, including former prosecutor Melissa Carvajal, who prosecuted plaintiffs, the two lead NYPD detectives, and the two plaintiffs, have testified that Mr. Jackson had any involvement, let alone meaningful involvement, in the prosecution of the plaintiffs.

During the parties' meet and confers in person on August 31, 2026, by phone on September 1, 2026, and by e-mail, defendants asked plaintiffs why they were seeking to depose Mr. Jackson and what relevance he had to these matters. Plaintiffs stated merely that they had reason to believe that Mr. Jackson was involved in plaintiffs' prosecution and that such information was apparently only learned some time since August 22, 2026. Plaintiffs would not provide any details about how Mr. Jackson was allegedly involved in plaintiffs' prosecution or the source of such information, despite defendants' good faith requests for same. Plaintiffs also did not identify or produce any documents in response to defendants' request for documents indicating that Mr. Jackson was involved in plaintiffs' prosecution. Plaintiffs further stated that they would take a "limited" deposition of Mr. Jackson of 90 minutes to 2.5 hours, or maybe less, and that they would not seek to question Mr. Jackson on anything other than his alleged involvement in the investigation and prosecution of plaintiffs.

On September 8, 2026, I spoke to Mr. Jackson on the phone and he informed me that he has no recollection of being involved in the investigation or prosecution of plaintiffs and he is prepared to sign a sworn declaration to that effect. As discussed, there does not appear to be any documentation that could refresh his recollection. Thus, as it stands, without further information from plaintiffs, the contemplated deposition of Mr. Jackson would be a waste of time and an undue burden on Mr. Jackson and defendants. Moreover, to the extent that plaintiffs are hiding

---

[1] During the parties' September 1, 2026 meet and confer, after defendants pointed out that plaintiffs sought to take a deposition on a Sunday, the parties tentatively agreed to September 30, 2026 as an alternate date, assuming they could reach a resolution, which they have not.

[2] On Saturday, August 29, 2026, plaintiffs also served a notice of deposition for non-party Laura DeLuca, a former parole officer, and a copy of a subpoena plaintiffs intended to serve regarding that deposition. Although this deposition was also not previously contemplated in connection with the July 8, 2026 joint request to extend fact discovery and the subsequent discussions with the Court, defendants do not object to this deposition, which was initially noticed for October 1, 2026 but has since been scheduled for September 30, 2026.

information concerning Mr. Jackson's alleged involvement in plaintiffs' prosecution, which commenced over 15 years ago, Mr. Jackson is unable to properly prepare for the deposition and plaintiffs are seeking to take a deposition by surprise and/or ambush.

Accordingly, defendants object to the deposition of Mr. Jackson absent a good faith basis to depose him beyond a vague, non-specific and unsupported blanket assertion that Mr. Jackson was involved in plaintiffs' prosecution, and respectfully request that the Court issue a protective order with respect to the deposition notice and quash the associated subpoena.

**B. Subpoena to DOC for Documents Concerning Non-Party Damian James**

On September 8, 2026, plaintiff Freeman served a copy of a subpoena he intends to serve on DOC for various documents concerning non-party Damian James. *See* Exhibit C.

As an initial matter, DOC is a City agency and plaintiff Freeman's attempt to serve a subpoena on DOC for documents in a case in which the City of New York is a defendant is an end run on the fact discovery deadline in this matter. Indeed, fact discovery in these matters has been ongoing for well over two years now. Plaintiffs have served **seven** sets of document requests, the last being on September 2, 2026, thirty days prior to the close of fact discovery on October 2, 2026. Plaintiff Freeman now seeks to serve a subpoena on DOC in lieu of document requests because he failed to timely serve document requests on defendant City of New York. Plaintiff should not be permitted to circumvent this Court's scheduling orders.

In addition, the subpoena for documents is overbroad, unduly burdensome, not proportional to the needs of the case, and the subpoena seeks records that are not relevant to the parties' claims or defenses. For example, the subpoena seeks "[a]ll NYC Corrections QMOV Movement Logs" for a 10 month time period from over 15 years ago. The subpoena also seeks, *inter alia*, "all" transportation orders, orders to produce, *Damiani* orders, take-out orders, writs of *habeas corpus*, warrants, other court orders, inmate movement logs and records, sign-in and sign-out logs, and unusual occurrence reports. And, again, the documents sought are from over 15 years ago. Aside from the fact that such documents are not relevant to the parties' claims or defenses, the burden involved in locating such records from such a long time ago is immense and not proportional to the needs of the case, particularly in light of the lack of "importance of the discovery in resolving the issues" and when considering "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The burden involved is only magnified by the fact that the proposed subpoena provides DOC with less than three weeks to produce the requested documents.

The subpoena also seeks documents that may be sealed by operation of law, including, but not limited to, New York Criminal Procedure Law § 160.50.

Accordingly, defendant City of New York respectfully requests that the Court quash plaintiff Freeman's subpoena to DOC.

Defendants thank the Court for its consideration.

Respectfully,

/s/ *Kavin Thadani*

Kavin Thadani

Encls.

cc: **BY ECF**
Andrew Stengel
*Attorney for Plaintiffs Freeman and Viera*