THE LAW FIRM OF ANDREW M. STENGEL, P.C.
11 BROADWAY, SUITE 715
NEW YORK, NY 10004
TEL: (212) 634-9222 | ANDREW@STENGELLAW.COM | FAX: (212) 634-9223

**BY ECF**

September 17, 2026

Honorable Marcia M. Henry
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: ***Freeman v. The City of New York, et al.*, 24 CV 1267 (BMC) (MMH)**
***Viera v. The City of New York, et al.*, 24 CV 1272 (BMC) (MMH)**

Dear Judge Henry:

I write in opposition to the Defendants' September 10, 2026, letter motion, asking the Court to: (1) issue a protective order barring the deposition of non-party former Kings County District Attorney's Deputy Homicide Bureau prosecutor Howard Jackson and quash the associated subpoena; and (2) quash Plaintiff Freeman's subpoena to the New York City Department of Correction ("DOC") for records concerning former parolee Damian James. Defendants' applications should be denied as they fail to show good cause and lack standing to obtain the "extraordinary" relief of precluding a deposition, and CPL § 160.50 has no application to the jail records of a duly convicted felon, incarcerated for a parole violation.

**A. The Deposition of Howard Jackson**

**First**, the showing Defendants must make is a particular and specific demonstration of fact. Conclusory assertions do not satisfy the burden. Rule 26(c) places the burden on the party seeking the protective order. "The burden of showing good cause for the issuance of a protective order falls on the party seeking the order." *Yatanar v. City of NY*, 2025 US Dist. LEXIS 109042, at *6 (E.D.N.Y. June 9, 2025, No. 24-CV-687 (MKB)(PK)) (*quoting Ampong v. Costco Wholesale Corp.*, 550 F. Supp. 3d 136, 139 (S.D.N.Y. 2021)). "Courts require a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Id.* "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Bank of N.Y. v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 143 (S.D.N.Y. 1997), *quoted in Coggins v. County of Nassau*, 2014 US Dist. LEXIS 15001 (E.D.N.Y. Feb. 6, 2014, No. 07-CV-3624 (JFB)(AKT)).

**Second**, an order barring a deposition altogether is extraordinary relief, and a witness's professed lack of recollection is no grounds for denial. The Second Circuit has held that "an order to vacate a notice of taking is generally regarded as both unusual and unfavorable." *Inv. Props. Int'l, Ltd. v. IOS, Ltd.*, 459 F.2d 705, 708 (2d Cir. 1972). It is accordingly "exceedingly difficult to demonstrate an appropriate basis for an order barring the taking of a deposition," and "[n]or, in ordinary circumstances, does it matter that the proposed witness is a busy person or professes lack of knowledge of the matters at issue, as the party seeking the discovery is entitled to test the asserted

lack of knowledge." *Naftchi v. N.Y. Univ. Med. Ctr.*, 172 F.R.D. 130, 132 (S.D.N.Y. 1997). In *Naftchi*, defendants moved to bar a senior official's deposition and submitted his sworn affidavit that he had no recollection of the plaintiff and had not made the decisions at issue. *Id*. Judge Kaplan denied the motion, observing that the affidavit, "which obviously was prepared with considerable care," did not assert that the witness lacked familiarity with the matters at issue, and that "there is no basis for precluding a deposition of Dr. Farber altogether." *Id.* at 132-33.

Defendants' argument is materially less than what was rejected in *Naftchi*. Defendants did not submit an affidavit from Mr. Jackson, only their counsel's account of a September 8, 2026, call in which he is said to have stated that he "has no recollection of being involved" and "is prepared to sign a sworn declaration to that effect." A declaration a witness is prepared to sign is not evidence, and the signed affidavit in *Naftchi* did not suffice. Nor do Plaintiffs bear any burden to prove in advance what the witness will say: "[P]laintiffs have no burden to show that the deponents have any relevant knowledge." *Fallon v. Locke, Liddell & Sapp, LLP (In re Deposition Subpoenas)*, 463 F. Supp. 2d 478, 481 (S.D.N.Y. 2006).[1] Defendants reason that because no document was identified and no witness deposed to date has described Mr. Jackson's involvement, Plaintiffs must establish that involvement before they may ask him about it. Rule 26 imposes no such condition. Plaintiffs offered to confine the examination to Mr. Jackson's role in the investigation and prosecution of Plaintiffs and to take no more than two and one-half hours. Defendants declined and moved.

**Third**, Defendants lack standing to quash a subpoena directed to a non-party as to whom they assert no privilege. "In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness." *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975); *accord Forsythe v. Midland Funding LLC*, 2019 US Dist. LEXIS 8568, at *2 (E.D.N.Y. Jan. 17, 2019, No. 18 CV 03276 (ARR) (CLP)) ("A party ordinarily lacks standing to quash a subpoena directed at a nonparty unless the party is seeking to protect a personal privilege or right."). Mr. Jackson is a former prosecutor of the Kings County District Attorney's Office, which is not a defendant and is not Defendants' client. Defendants assert no privilege of their own in his testimony. The burden they invoke is his, and he has not moved.

**Fourth**, Defendants abandon their scheduling argument in a footnote. Their principal premise is that the fact discovery extension was granted only for the depositions listed in the parties' July 8, 2026, joint status report, so that Mr. Jackson's deposition may not be taken. Yet at footnote 2 they state that they "do not object" to the deposition of non-party Laura DeLuca, noticed on August 29, 2026, one day after Mr. Jackson's, and likewise "not previously contemplated in connection with the July 8, 2026[,] joint request."

## B. The Subpoena to the Department of Correction

Defendants, once again, bear the burden which they fail to meet. "Once the party issuing the subpoena has demonstrated the relevance of the requested documents, the party seeking to quash the subpoena bears the burden of demonstrating that the subpoena is over-broad, duplicative, or unduly burdensome." *AP Links, LLC v. Russ*, 299 F.R.D. 7, 11 (E.D.N.Y. 2014). "The burden of persuasion in a motion to quash a subpoena . . . is borne by the movant." *Id.* (citation omitted).

**First**, Damian James is not a peripheral figure, and the records sought go to the heart of Plaintiffs' claims. James was convicted of criminal possession of a weapon and sentenced to two

[1] Plaintiff, who is not required to make an offer of proof, would, if necessary, disclose to the Court *ex parte* the reasons for taking the deposition.

years in prison. He was paroled in October 2010, three months before Kenneth Williams was shot. Williams' dying declaration identified James as his shooter. Freeman Am. Compl. ¶¶ 122-24. The New York State Division of Parole violated James "for attempting to murder Williams." *Id.* ¶ 34 and Ex. A annexed thereto. Defendant Detective John McDonald testified at his deposition in this case that he believed there was probable cause to arrest James for the attempted murder of Kenneth Williams (the transcript has not yet been received). Yet Melissa Carvajal, the case prosecutor, told the jury in summation that police had "confirmed" James was elsewhere, that "Kenneth Williams got that wrong," and "that's why Damian James isn't sitting there. The evidence is he was never arrested." *Id.* ¶ 122. But James' parole records obtained through discovery show he was in fact *arrested* for Williams' attempted murder, and the only reason parole could not move forward with the charge was because, unbeknownst to the defense, Carvajal blocked Williams from testifying at James' parole revocation hearing. **Exhibit 1**. Moreover, throughout Plaintiffs' criminal prosecution Carvajal and Defendant Detective Christopher Obdyke falsely represented to the court and jury that Obdyke did not hold Mr. James for two days after James was taken into custody for questioning. But records recently obtained from DOC via a FOIL request, annexed hereto as **Exhibit 2**, show James was not processed into City Corrections until February 11, 2011, *two days* after Detective Obdyke took him into custody on February 9, 2011. Thus, Plaintiff Freeman's subpoena seeks highly relevant records.

Defendants argue that because DOC is a City agency and Plaintiff Freeman did not serve a Rule 34 request, the subpoena circumvents the schedule. *Haynes v. City of NY*, 2021 US Dist. LEXIS 24718, at *4-5 (S.D.N.Y. Feb. 9, 2021, No. 19-CV-11008 (PGG) (KNF)) rejected the identical argument. There, the City argued Plaintiff should have sought documents from the Department of Investigation by a Rule 34 request rather than by subpoena. The court held that because defendants "refer to DOI inconsistently as both a party and a non-party in this litigation, the Court is not convinced that the plaintiff's subpoena on DOI was improper." *Id.* at *4-5. Defendants do the same thing here: DOC is a non-party when they invoke its burden and a City agency when they invoke Rule 34. Defendants do not represent that they possess DOC's movement logs, and their insistence that the records are irrelevant is at odds with the suggestion that Plaintiffs should have asked for the records in document demands. Further, Defendants' conclusory claim that compliance is burdensome, without any support from Corrections, should be rejected.

**Second**, New York CPL § 160.50 does not bar access to jail records of a convicted felon's incarceration *for a parole violation*. The statute applies to records originating from a criminal prosecution that is dismissed in a defendant's favor, not records originating from incarceration for a parole violation for a felony a defendant was convicted of. As stated above, parole charged James with violating parole for attempting to murder Williams. When Carvajal blocked parole from proceeding on those charges, parole violated James on alternative grounds. His February 11, 2011, incarceration stemmed from this violation. CPL § 160.50 has absolutely no application to such records.

Accordingly, Defendants' motions for a protective order and to quash should be denied.

Very truly yours,

Andrew Stengel

cc: Kavin Thadani (By ECF)